OPINION
{¶ 1} This matter is before the Court upon an appeal filed by counsel for Appellants Benjamin and Kelly Barbato. Counsel for appellants, Attorney Catherine C. Little, appeals the decision of the Stark County Court of Common Pleas that granted a motion for sanctions filed by Appellees Dr. Zev Randy Maycon and Gastroenterology and Hepatology Associates, Inc. (hereinafter "appellees".) The following facts give rise to this appeal.
 {¶ 2} In April 2001, as a result of liver problems, Dr. Sanjiv Khetarpal, a licensed gastroenterologist, ordered a biopsy of Appellant Benjamin Barbato's liver. Dr. Gerald Hulvat performed the liver biopsy with ultrasound guidance. It was later discovered that during the biopsy procedure, Dr. Hulvat perforated the colon and gallbladder. Dr. Hulvat did not know that he made the perforation during the procedure. Following the biopsy, Dr. Khetarpal saw Appellant Barbato and had him admitted to the hospital for observation.
 {¶ 3} Because Dr. Khetarpal was leaving for vacation on the evening of April 12, 2001, Dr. Maycon became the on-call physician after 5:00 p.m., on April 12, 2001. A nursing call was placed to Dr. Maycon, at about 6:35 p.m., on April 12, 2001, regarding Appellant Barbato's urinary status. The nurses made no other calls to Dr. Maycon. However, Appellant Barbato developed problems which included a sense of having pressure, increase in pain level, pulling out the intravenous line, cramping, soreness, inability to sleep and nausea. The nurses did not contact Dr. Maycon about these symptoms. The following morning, at 9:31 a.m., Appellant Kelly Barbato called Dr. Maycon's office and related the symptoms to him.
 {¶ 4} In response to Appellant Barbato's phone call, Dr. Maycon contacted the hospital and initiated various tests and orders at which time, the perforations were discovered.
 {¶ 5} Appellants filed their lawsuit in this matter on April 8, 2002. In the early part of 2003, counsel for Dr. Maycon learned that appellants' medical expert, Dr. Stuart Finkle, had no opinion regarding the medical care provided by Dr. Maycon. Further, in his written report, Dr. Finkle only provided standard of care opinions as to Dr. Khetarpal and Dr. Hulvat.
 {¶ 6} Based upon this information, counsel for Dr. Maycon sent an e-mail, to Attorney Little, with an inquiry about the dismissal of Dr. Maycon. Attorney Little responded, on February 24, 2003, with the following e-mail:
 {¶ 7} "I am in receipt of your recent email regarding the dismissal of Dr. Maycon from the lawsuit. As you will recall, I addressed this issue with you several months ago via telephone and inquired at that time whether your client was willing to offer any money to release him from the suit in that his liability in this matter is limited compared to the other parties. Until your recent email regarding Dr. Maycon, I had not heard back from you regading (sic) an offer. Is there an offer at this time to release him from this litigation? I look forward to your response."
 {¶ 8} Based upon Dr. Finkle's medical expert's report and Attorney Little's refusal to dismiss Dr. Maycon unless he made an offer to settle, appellees filed a motion for sanctions on March 26, 2003. Approximately one month later, Attorneys Robert Sweeney and Patrick O'Malley entered an appearance as additional counsel for appellants. The notice of appearance filed with the trial court provides, in pertinent part, as follows:
 {¶ 9} "[A]s additional counsel on behalf of plaintiffs in the captioned case. Attorney Catherine Cicchini Little will also remain as counsel for plaintiffs."
 {¶ 10} On November 14, 2003, Attorney Patrick O'Malley filed a voluntary dismissal releasing Dr. Maycon from the lawsuit. Subsequently, this matter proceeded to a jury trial, on November 17, 2003, which resulted in a defense verdict. Thereafter, appellants filed a notice of appeal, that was eventually dismissed by this Court on April 1, 2004, for failure to prosecute. Following the dismissal of the appeal, appellees filed a motion seeking an order on their motion for sanctions filed sixteen months earlier.
 {¶ 11} The trial court conducted a hearing, on the motion for sanctions, on January 18, 2005. Appellee Maycon asserted damages, in the amount of $6,000, representing the amount of time he spent preparing for and attending the deposition and his preparation for trial. In a judgment entry dated January 24, 2005, the trial court granted the motion for sanctions and ordered sanctions in the amount of $6,000 against Attorney Little.
 {¶ 12} Appellants and Attorney Little timely filed a notice of appeal and set forth the following assignments of error for our consideration:
 {¶ 13} "I. THE TRIAL COURT LACKED JURISDICTION TO IMPOSE SANCTIONS AGAINST APPELLANTS' COUNSEL PURSUANT TO REVISED CODE 2323.51(B).
 {¶ 14} "A. REVISED CODE 2323.51(B) EXPRESSLY LIMITS THE TIME PERIOD IN WHICH A TRIAL COURT CAN IMPOSE SANCTIONS UNDER SAID STATUTE.
 {¶ 15} "B. APPELLEES' MOTION FOR SANCTIONS WAS IMPLIEDLY OVERRULED BY THE JURY VERDICT IN NOVEMBER, 2003.
 {¶ 16} "II. THE TRIAL COURT ERRED IN IMPOSING SANCTIONS AGAINST APPELLANTS' NON-TRIAL COUNSEL FOR RETAINING APPELLEES IN THE UNDERLINING (SIC) CASE IN THAT THE TRIAL COURT FOUND APPELLANTS' TRIAL COUNSEL NON-DESERVING OF SANCTIONS FOR THE SAME CONDUCT.
 {¶ 17} "III. THE TRIAL COURT ERRED IN IMPOSING SANCTIONS FOR THE WRONGFUL RETENTION OF ZEV RANDY MAYCON, MD AS A PARTY-DEFENDANT IN THAT GASTROENTEROLOGY AND HEPATOLOGY ASSOCIATES WAS PROPERLY RETAINED UNDER THE DOCTRINE OF RESPONDEAT SUPERIOR.
 {¶ 18} "IV. THE TRIAL COURT ERRED IN IMPOSING SANCTIONS AGAINST APPELLANTS' COUNSEL UNDER REVISED CODE 2323.51(A)(2)(a)(ii) FOR HER RETENTION OF DR. MAYCON IN THE UNDERLYING CASE IN THAT SAID RETENTION WAS WARRANTED UNDER EXITING (SIC) LAW.
 {¶ 19} "A. APPELLANTS' RETENTION OF DR. MAYCON WITHOUT A MEDICAL EXPERT WAS WARRANTED UNDER EXISTING LAW.
 {¶ 20} "B. APPELLANTS SUPPORTED THEIR RETENTION OF DR. MAYCON WITH A GOOD FAITH ARGUMENT FOR THE EXTENSION OF EXISTING LAW.
 {¶ 21} "V. THE TRIAL COURT ERRED IN HOLDING THAT APPELLANTS' COUNSEL WAS REQUIRED TO RESPOND IN TERMS OF EVIDENCE TO AN INFORMAL E-MAIL BY APPELLEES' COUNSEL AND THAT SEEKING AN OFFER OF SETTLEMENT INSTEAD CONSTITUTED `FRIVOLOUS CONDUCT' UNDER REVISED CODE 2323.51(A)(ii)."
 I {¶ 22} In her First Assignment of Error, Attorney Little maintains the trial court lacked jurisdiction to impose sanctions under R.C. 2323.51(B). We disagree.
 {¶ 23} In support of this assignment of error, Attorney Little asserts that a two-prong test exists that trial courts should use to determine the issue of jurisdiction under R.C. 2323.51(B). In her brief, counsel sets forth the test as follows:
 {¶ 24} "(1) Was the motion under Revised Code 2323.51 filed prior to the commencement of trial; and (2) Was there a reasonable amount of time between the filing of the motion and the commencement of trial for the court to conduct a hearing and award sanctions if appropriate." Appellants' Brief, May 6, 2005, at 15-16.
 {¶ 25} Attorney Little concludes that if both prongs can be answered in the affirmative, the strict construction of the statutory language should apply as it is clear that sanctions are to be imposed either prior to the commencement of trial or within twenty-one days following the judgment. Id. at 16.
 {¶ 26} The statute at issue, R.C. 2323.51(B), provides as follows:
 {¶ 27} "* * * [A]t any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action or at any time prior to the hearing in an appeal of the type described in division (A)(1)(b) of this section that is filed by an inmate or within twenty-one days after the entry of judgment in an appeal of that nature, the court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. * * *"[1]
 {¶ 28} Further, Attorney Little concludes that the eight-month period between the filing of the motion for sanctions and the commencement of trial was more than a reasonable amount of time for the trial court to address the motion. Thus, counsel contends there should be no reason for an extension on the statutory time period contained in R.C. 2323.51(B). Finally, counsel argues that once the jury rendered its verdict in this matter, all motions pending before the trial court were impliedly overruled.
 {¶ 29} We begin our analysis of Attorney Little's arguments by noting that there is no language in R.C. 2323.51(B) that mandates a court to rule on a motion for sanctions within a certain period of time. Nor is there a requirement that the trial court decide the motion, before the commencement of trial, since the motion was filed eight months before the trial began. The time frame contained, in the statute, merely addresses when the motion for sanctions must be filed.
 {¶ 30} Also, the jury's verdict in this matter did not impliedly overrule the motion for sanctions because a sanction issue is a collateral issue to the underlying proceedings. Counsel refers to the case of Lewis v. Celina Financial Corp. (1995), 101 Ohio App.3d 464, noting that many courts, in Ohio, have followed this decision. InCelina, the Third District Court of Appeals addressed the effect of a voluntary dismissal, under Civ. R. 41(A)(1), on a pending motion for sanctions. The court explained as follows:
 {¶ 31} "* * * While a voluntary dismissal under Civ. R. 41(A)(1) generally divests a court of jurisdiction * * *, a hearing on sanctions is considered collateral to the underlying proceedings, and a trial court therefore retains jurisdiction for the limited purpose of applying Civ. R. 11 and R.C. 2323.51. [Citations omitted.] * * * Accordingly, the trial court retained jurisdiction for the limited purpose of considering the appellees' motion for attorney fees as a sanction for engaging in frivolous conduct, as any other result would permit a party to voluntarily dismiss an action to evade an award of sanctions under Civ. R. 11 or R.C. 2323.51." Id. at 470. See also, Schwartz v. Gen. Acc.Ins. of Am. (1993), 91 Ohio App.3d 603, 606.
 {¶ 32} Thus, even if an action is no longer pending before the trial court, due to either a voluntary dismissal or the rendering of a verdict, we find the trial court may still address the pending motion for sanctions because said motion is collateral to the underlying proceedings. Accordingly, although the case was concluded and a substantial amount of time passed from the filing of the motion for sanctions and the ruling on the motion, we find the trial court had jurisdiction to address the motion for sanctions under R.C. 2323.51(B).
 {¶ 33} Attorney Little's First Assignment of Error is overruled.
 II {¶ 34} In her Second Assignment of Error, Attorney Little maintains the trial court erred when it imposed sanctions against her and not the other attorneys that were also representing appellants. We disagree.
 {¶ 35} In its judgment entry granting appellees' motion for sanctions, the trial court specifically found that:
 {¶ 36} "2. Catherine Cicchini Little, counsel for the Plaintiffs, Benjamin and Kelly Barbato, committed frivolous conduct under R.C. § 2323.51(A)(2)(a)(ii), in that her conduct, i.e. her continuing assertion of a claim of malpractice against Defendant Maycon was not warranted under existing law and could not be supported by a good faith argument for an extension, modification, or reversal of existing law;" Judgment Entry, Jan. 24, 2005, at 1-2.
 {¶ 37} Under R.C. 2323.51(A)(2)(a)(i) and (ii), "frivolous conduct" is defined as conduct of a party to a civil action that "* * * serves merely to harass or maliciously injure another party to the civil action * * *" or conduct "* * * not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."
 {¶ 38} Attorney Little claims the trial court abused its discretion when it only imposed sanctions against her because Attorneys Sweeney and O'Malley were trial counsel, for appellants, seven months prior to the voluntary dismissal of Dr. Maycon. Attorney Little notes this is evidenced by the fact that Attorney O'Malley signed the judgment entry of voluntary dismissal, on November 14, 2003, thereby establishing that he had the necessary authority to release Dr. Maycon from the lawsuit.
 {¶ 39} Prior to addressing the merits of this assignment of error, we find it necessary to discuss the applicable standard of review. Both parties maintain the applicable standard of review is the abuse-of-discretion standard. We disagree with this conclusion pursuant to the case of Riston v. Butler, 149 Ohio App.3d 390, 2002-Ohio-2308. In the Riston case, the First District Court of Appeals held as follows:
 {¶ 40} "* * * [W]e conclude that while the abuse-of-discretion standard is appropriate when reviewing a trial court's determination of whether a party has engaged in conduct merely to harass or maliciously injure another, an issue that necessarily involves factual considerations, it is improper for reviewing a trial court's determination whether a party has pursued a legally groundless claim. Because legally groundless frivolous conduct involves a question of law, we review it de novo." Id. at ¶ 22.
 {¶ 41} In the case sub judice, the trial court specifically found that Attorney Little's continuing assertion of a claim against Dr. Maycon was groundless because it was not warranted under existing law and could not be supported by a good faith argument for an extension, modification, or reversal of existing law. Accordingly, we will review this assignment of error under a de novo standard of review.
 {¶ 42} The record in this matter establishes that Attorney Little offered no testimony, or evidence, to the trial court, regarding the proportion of Attorney O'Malley's alleged shared responsibility. Further, the record indicates that when appellees filed their motion for sanctions, on March 26, 2003, Attorneys O'Malley and Sweeney were not counsel for appellants. In fact, all witness depositions and all expert identification and reports were completed before additional counsel for appellants entered an appearance in April 2003.
 {¶ 43} Finally, the record establishes that as early as February 2003, counsel for Dr. Maycon made an effort to have his client dismissed from the lawsuit based upon the report of Dr. Finkle, which made no medical opinion supporting a claim against Dr. Maycon. However, Attorney Little refused to dismiss Dr. Maycon, from the lawsuit, absent an offer of money.
 {¶ 44} Under a de novo review of the facts and the law, we conclude the trial court properly granted appellees' motion for sanctions as appellants' own medical expert had no criticism of the medical care provided by Dr. Maycon. However, despite this opinion, Attorney Little refused to dismiss Dr. Maycon from the lawsuit without an offer of money. Such conduct is frivolous as defined by statute.
 {¶ 45} Attorney Little's Second Assignment of Error is overruled.
 III {¶ 46} In her Third Assignment of Error, counsel for appellants maintains the trial court erred when it granted appellees' motion for sanctions, on behalf of Dr. Maycon, on the theory that the motion for sanctions was impliedly overruled when Dr. Maycon's employer, GHAI, remained in the lawsuit. We disagree.
 {¶ 47} In support of this argument, counsel refers to the trial court's judgment entry of January 24, 2005, wherein the trial court stated that "[f]or purposes of this judgment, Defendants Maycon and GHAI are determined to be the same entity." Judgment Entry, Jan. 24, 2005, at 1. Based upon this statement, Attorney Little argues that the motion for sanctions was impliedly overruled when the trial court commenced the trial in which GHAI was a party-defendant. That is, counsel concludes that when GHAI's motion for sanctions was impliedly overruled, so to was Dr. Maycon's motion for sanctions because they were the same entity.
 {¶ 48} Further, counsel contends that even if we find the motion for sanctions was not impliedly overruled, because GHAI remained a party to the lawsuit, Dr. Maycon, as the same entity as GHAI, was also properly retained in the lawsuit under existing law. We disagree with both of these arguments. The trial court's judgment entry is clear that Dr. Maycon and GHAI were only to be treated as the same entity for purposes of the judgment regarding the motion for sanctions. They were not to be treated as the same entity for the entire lawsuit. Further, it is evident that they were not treated as the same entity as Dr. Maycon was dismissed prior to the trial commencing against GHAI and Dr. Kheterpal.
 {¶ 49} Counsel's Third Assignment of Error is overruled.
 IV {¶ 50} Attorney Little maintains, in her Fourth Assignment of Error, that her retention of Dr. Maycon, without a medical expert, was warranted and she supported the retention of Dr. Maycon with a good faith argument for the extension of existing law. We disagree with both arguments.
 {¶ 51} First, Attorney Little argues the retention of Dr. Maycon, without medical expert testimony, was warranted under Ohio law. Counsel cites the case of Jones v. Hawkes Hosp. of Mt. Carmel (1964),175 Ohio St. 503, wherein the Court held as follows:
 {¶ 52} "Expert-opinion evidence is not required or necessary where the subject of the inquiry is within the common, ordinary and general experience and knowledge of mankind, but such evidence is required where the inquiry pertains to a highly technical question of science or art to a particular professional or mechanical skill." Id. at paragraph one of the syllabus.
 {¶ 53} Attorney Little maintains that a physician's responsibility to keep apprised of his patient's condition, while admitted in a hospital, is not scientific in nature but rather, within the common knowledge of an ordinary person. Thus, counsel concludes the events at issue were within the common knowledge of ordinary persons and did not require medical expert testimony.
 {¶ 54} Attorney Little further maintains that her retention of Dr. Maycon was supported, by an argument made in good faith, for the extension of the "common knowledge" exception to the requirement of medical expert testimony in malpractice cases.
 {¶ 55} We find the claim against Dr. Maycon involved issues regarding the on-call system, duties of the nursing staff, protocol and guidelines for the nursing staff when monitoring a patient and protocol and guidelines for communications between the on-call doctor and nurses monitoring a patient at the hospital. These are not issues that are within the common knowledge of jurors.
 {¶ 56} Therefore, the exception set forth in the Jones case in not applicable in the case sub judice. We further find that based upon the various issues the jury would have been required to decide in this matter, as it pertained to Dr. Maycon's care of appellant, this is not a case in which counsel could make a good faith argument for an extension of the "common knowledge" exception.
 {¶ 57} Counsel's Fourth Assignment of Error is overruled.
 V {¶ 58} We will not address the arguments raised by Attorney Little, in her Fifth Assignment of Error, as these arguments are presented in the portion of her brief that exceeds the page limit permitted by Loc. App. R. 9(B). This rule provides as follows:
 {¶ 59} "In addition to the requirements of App. R. 16, no appellant's or appellee's brief or cross-appellant's or cross-appellee's brief, excluding appendices, table of contents, table of cases, statement of assignments of errors, and statement of the issues shall exceed thirty pages, unless, upon a motion requesting an increase of a specific number of pages and the showing of good cause, this Court orders otherwise. No reply brief shall exceed fifteen pages."
 {¶ 60} In the case sub judice, counsel's argument pertaining to her Fifth Assignment of Error is found on pages 30 through 35 of her brief. Counsel did not request leave to exceed the page limit. Therefore, we will not address the arguments raised in her Fifth Assignment of Error.
 {¶ 61} Counsel's Fifth Assignment of Error is overruled.
 {¶ 62} Finally, we would note that appellees request this Court to issue an order requiring Attorney Little to pay the costs of $86 for a transcript and attorney fees of $2,500, which Dr. Maycon incurred as a result of this appeal. We decline to grant appellees' request, under App. R. 23, because such a request must be made by motion pursuant to App. R. 15(A).[2] See Carrollton Exempted Village School Dist. Bd. ofEdn. v. Ohio Assoc. of Pub. School Employees, Carroll App. No. 03 CA 795, 2004-Ohio-1385; In re Estate of Wilhelm (Aug. 19, 2003), Mahoning App. No. 02CA134; Cicchini v. Crew (Dec. 18, 2000), Cuyahoga App. Nos. 74009, 76954; and Nosal v. Szabo, Cuyahoga App. Nos. 83974, 83975,2004-Ohio-4076.
 {¶ 63} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Boggins, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellants.
[1] This statute was amended on April 7, 2005. The statute now provides that a motion for sanctions may only be filed not more than thirty days after the entry of judgment in a civil action or appeal.
[2] App. R. 15(A) provides, in pertinent part, as follows: "Unless another form is prescribed by these rules, an application for an order or other relief shall be made by motion with proof of service on all other parties. The motion shall contain or be accompanied by any matter required by a specific provision of these rules governing such a motion, shall state with particularity the grounds on which it is based and shall set forth the order or relief sought. * * *"