[Cite as *Bartelt Dancers, L.L.C. v. Icenhour*, 2013-Ohio-5604.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Bartelt Dancers, LLC,<br>[Robert G. Kennedy], | : | |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | No. 13AP-154 |
| v. | | (C.P.C. No. 10CVH-11-16411) |
| | : | |
| Kelly L. Icenhour et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on December 19, 2013

*Robert G. Kennedy*, for appellants.

*Newhouse, Prophater, Letcher & Moots, LLC, D. Wesley Newhouse*, and *Barbara K. Letcher*, for appellee Jan Buescher.

APPEAL from the Franklin County Court of Common Pleas

GREY, J.

{¶ 1} Plaintiff-appellant, Bartelt Dancers, LLC ("Bartelt"), and its counsel, appellant, Robert G. Kennedy, appeal from a judgment of the Franklin County Court of Common Pleas ordering an award of attorney fees in favor of defendant-appellee, Jan Buescher, based upon Bartelt and Kennedy's conduct in the underlying civil case.

{¶ 2} This matter began as a lawsuit filed by Bartelt, which operates a private dance instruction studio, against two former instructor-employees, Buescher and Kelly Icenhour. Icenhour is not a participant in the present appeal.

{¶ 3}   Both Icenhour and Buescher  were employees of long standing with Bartelt. Buescher remained a part-time instructor, but by 2008 Icenhour had assumed day-to-day responsibility for operation of the business and carried the titles of office manager and assistant creative director.  Over time Icenhour and Bartelt's owner, Kathleen Bartelt, intermittently discussed a sale of the business to Icenhour.  These discussions eventually stalled and in May 2010 Icenhour resigned to start her own dance instruction business, K Studio, Inc., taking the Bartelt student list with her and eventually some of the students.

{¶ 4}   Buescher briefly remained an instructor with Bartelt after Icenhour's departure, then left in June 2010 to begin teaching with Icenhour at K Studio, Inc.

{¶ 5}   Bartelt represented by appellant Kennedy, filed a complaint   on November 12, 2010 naming Icenhour, K Studio, and Buescher as defendants and making claims for breach of contract, unfair competition, breach of fiduciary duty, and misappropriation of trade secrets and confidential information (the student list).  The complaint sought monetary damages and injunctive relief.

{¶ 6}   The requested injunction would have enjoined the defendants from using confidential information or soliciting former students.  A magistrate denied the injunction by decision entered January 25, 2011.  Bartelt did not file objections or order a transcript of the hearing, and the trial court adopted the magistrate's decision on February 25, 2011. Buescher then filed on March 8, 2011, a motion for attorney fees and costs pursuant to R.C. 2323.51.  Bartelt promptly dismissed the action in its entirety, with prejudice, on March 17, 2011.

{¶ 7}   Based upon the conduct of litigation, the magistrate concluded that there was no evidentiary support for the claim against Buescher and that pursuit of this litigation constituted frivolous conduct by both Bartelt and its counsel Kennedy.  Bartelt and Kennedy filed objections which were sustained in part and overruled by the trial court, which remanded the matter to the magistrate for a computation of fees more limited in scope.  The parties then stipulated as to the reasonable value of attorney fees over the period covered by the magistrate and court's decisions in the amount of $19,605.82.  The trial court entered its final judgment on January 8, 2013 reflecting the stipulation as to the amount of reasonable attorney fees, and specifying that the parties preserved all issues for appeal except for the fee figure.

{¶ 8}   Bartelt brings the following sole assignment of error:

> The Trial Court Erred in Ruling that Appellant and Appellant's Attorney's Actions after the Telephone Conversation Between the Parties' Attorneys Prior to the Preliminary Injunction Hearing Constituted Frivolous Conduct.

{¶ 9}   The trial court in this case imposed sanctions under R.C. 2323.51(B), which allows the trial court to sanction a party, counsel, or both for engaging in frivolous conduct in the course of litigation. The statute defines frivolous conduct to include conduct that "consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." R.C. 2323.51(A)(2)(a)(iii). "Under this definition of 'frivolous conduct,' the test is whether no reasonable attorney would have brought the action in light of the existing law." *Groves v. Groves*, 10th Dist. No. 09AP-1107, 2010-Ohio-4515, ¶ 17, citing *L & N Partnership v. Lakeside Forest Assn.*, 183 Ohio App.3d 125, 2009-Ohio-2987, ¶ 37 (10th Dist.).

{¶ 10}   "No single standard of review applies to appeals of rulings on R.C. 2323.51 motions." *Id.* at ¶ 18, citing *Indep. Taxicab Assn. of Columbus, Inc. v. Abate*, 10th Dist. No. 08AP-44, 2008-Ohio-4070, ¶ 13. The standard an appellate court uses depends upon whether the trial court's determination resulted from factual findings or a legal analysis. When the question regarding what constitutes frivolous conduct calls for a legal determination, "e.g., whether a claim is warranted under existing law or could be supported by a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law," we employ a de novo standard of review. *Id.* When the determination of frivolous conduct results from a factual determination, we review the trial court's findings with a "degree of deference, and we do not disturb those findings where the record contains competent, credible evidence to support them." *Id.*

{¶ 11}   "Where a trial court has found the existence of frivolous conduct, the decision to assess or not to assess a penalty lies within the sound discretion of the trial court." *Sain v. Roo*, 10th Dist. No. 01AP-360 (Oct. 23, 2001), citing *Wiltberger v. Davis*, 110 Ohio App.3d 46, 52 (10th Dist.1996). "Further, R.C. 2323.51 employs an objective standard in determining whether sanctions may be imposed against either counsel or a

party for frivolous conduct." *Id.*, citing *Stone v. House of Day Funeral Serv., Inc.*, 140 Ohio App.3d 713 (6th Dist.2000).

{¶ 12} The trial court's decision to award fees in this case is expressly not based upon the merits of the original complaint as they appeared at the time of filing. The court instead concluded that it was frivolous to maintain the action against Buescher after early rulings in the case made clear that the allegations against Buescher were insufficient to state a claim or grant an injunction. We will briefly recapitulate the trial court's conclusions of fact and law with respect to the conduct of the litigation against Buescher.

{¶ 13} After Bartelt filed its complaint, Buescher retained counsel. Counsel for Buescher discussed the case with Kennedy and pointed out that the claims against her were based upon a purported employment agreement that would support a claim for breach or unfair competition. Counsel also pointed out that the student list was too widely disseminated to constitute confidential information. During these discussions, Kennedy agreed that Buescher would be more properly characterized as a witness, not a defendant, but did not dismiss her. As the injunction hearing approached, Kennedy made a settlement demand that he conceded was essentially targeted at the claims against Icenhour.

{¶ 14} All defendants opposed the preliminary injunction request, which was addressed at a hearing before a magistrate on January 19, 2011, and the magistrate entered a decision on January 25, 2011 denying the preliminary injunction. Although Bartelt would later attempt to introduce evidence that Buescher, like Icenhour, had solicited students for Studio K while still employed by Bartelt, there was no such evidence presented at this hearing. Bartelt concedes on appeal that no objections to this magistrate's decision were filed because "facts became evident to Plaintiff during the hearing that it could not in good faith proceed with this matter and notified Defendant's counsel that Plaintiff would be dismissing its Complaint." (Emphasis sic.) (Appellants' Brief, 3.) In the absence of objections, the trial court adopted the magistrate's January 25, 2011 decision on February 25, 2011. On March 8, 2011, Buescher filed a motion for fees and costs. On March 17, 2011, Bartelt dismissed all its claims against all parties, and the matter proceeded solely on the pending motion for sanctions.

{¶ 15}   We find no abuse of discretion in the trial court's analysis of the conduct of this case.  We emphasize that the record fully supports the trial court's conclusion that it is not the filing of the initial complaint that constituted frivolous conduct.  Any such conclusion would set a precedent of undue chilling effect upon the initiation of legal actions.  Subsequent undue prolongation of the action and delay in dismissing Buescher forms the basis for the finding of frivolous conduct, and supports the award of fees.

{¶ 16} The trial court, in its ultimate decision in this case, rejected the magistrate's conclusion that there was no reasonable basis for the original claims in Bartelt's complaint naming Buescher as a defendant.  The trial court based its decision in approving the award of fees upon a chronology of events beginning well after the filing of that initial complaint.  The trial court found that, once Buescher retained counsel, her attorney reviewed the case and informed Kennedy of the various specific points upon which the claims would fail.  Kennedy then made a settlement demand from Icenhour, specifically demanding nothing from Buescher.  Kennedy then did not secure any witnesses for the preliminary injunction hearing that might have bolstered his ability to present evidence against Buescher personally.

{¶ 17} "As a result, Buescher and her attorney had to prepare for and attend a preliminary injunction hearing where Plaintiff presented no evidence of any kind against her.  Plaintiff and its counsel, based on the failure to secure or talk to witnesses and the one sided settlement offer to Icenhour, knew that they were not going to proceed against Buescher. * * * The Court believes that the filing of the Complaint and Motion for Preliminary Injunction were not frivolous. * * * However, once Attorney Newhouse and Attorney Kennedy spoke in December of 2010 or January of 2011, Plaintiff had a duty to investigate, at least minimally, its claims and/or to analyze Attorney Newhouse's assertions."  (Trial Court Decision, 7.)

{¶ 18} In deciding whether to enter a preliminary injunction, a court must consider (1) whether is a substantial likelihood that the plaintiff will prevail on the merits, (2) whether the plaintiff will suffer irreparable injury if the injunction is not granted, (3) whether a third party will be unjustifiably harmed if the injunction is granted, and (4) whether the public interest will be served by the injunction.  *Hydrofarm, Inc. v. Orendorff*, 180 Ohio App.3d 339, 2008-Ohio-6819, ¶ 18.  In granting injunctive relief, the

court must focus primarily on weighing and balancing the equities between the parties. *Franklin Cty. Dist. Bd. of Health v. Paxson*, 152 Ohio App.3d 193, 2003-Ohio-1331, ¶ 25 (10th Dist.). Bartelt and Kennedy bore the burden of going forward with evidence and argument to support issuance of the injunction they had requested, yet produced nothing in this respect at the hearing they had provoked, particularly with respect to the likelihood of prevailing in Bartelt's claims against Buescher.

{¶ 19} True, when the matter went before the magistrate for a hearing on the sanctions motion, Bartelt sought to present testimony from a parent of a former student-dancer and two former employees. This testimony was apparently offered in order to show that Buescher was, in fact, soliciting clients for the new dance studio while still employed with Bartelt. However, the frivolousness of appellants' conduct lies not in filing the original complaint, but rather in declining to timely dismiss it after failing to prosecute the action. *See generally*, *Barbato v. Mercy Med. Ctr.*, 5th Dist. No. 2005 CA 00044, 2005-Ohio-5219. Later evidence tending to support the original claims cannot relate back to justify dilatory conduct in the course of litigation.

{¶ 20} In accordance with the foregoing, the sole assignment of error brought by appellants is overruled and the judgment of the Franklin County Court of Common Pleas awarding fees pursuant to R.C. 2323.51 against Bartelt Dancers, LLC and Robert G. Kennedy is affirmed.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.

GREY, J., retired, formerly of the Fourth Appellate District, assigned to active duty under the Ohio Constitution, Article IV, Section 6(C).

_____