[Cite as *Adams Babner & Gitlitz, L.L.C. v. Tartan W., L.L.C.*, 2014-Ohio-5305.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

Adams, Babner & Gitlitz, LLC,      :

        Plaintiff-Appellant/      :
        Cross-Appellee,

        :

v.

        :         No. 14AP-277

Tartan West, LLC,         (M.C. No. 2010 CVF 35005)

        :

        Defendant-Appellee/      (REGULAR CALENDAR)
        Cross-Appellee,      :

Steven Simonetti,      :

        Defendant-Appellee/      :
        Cross-Appellant.

        :

---

## D E C I S I O N

### Rendered on November 28, 2014

---

*Duncan Law Group, LLC, Brian K. Duncan*, and *Bryon D. Thomas*, for appellant/cross-appellee.

*Mills, Mills, Fiely & Lucas LLC, Laura L. Mills*, and *Paul W. Vincent*, for appellee/cross-appellant.

---

APPEAL from the Franklin County Municipal Court

SADLER, P.J.

{¶ 1} Plaintiff-appellant/cross-appellee, Adams, Babner & Gitlitz, LLC ("ABG"), appeals from the March 5, 2014 decision and entry of the Franklin County Municipal Court denying its motion for sanctions filed pursuant to R.C. 2323.51. Defendant-

appellee/cross-appellant, Steven Simonetti, appeals from the same decision and entry denying its R.C. 2323.51 motion for sanctions.  For the following reasons, we affirm the trial court's judgment.

## I. BACKGROUND

{¶ 2}  On September 2, 2010, ABG filed a complaint for breach of contract against "Tartan West, LLC c/o Steve Simonetti," seeking the payment of legal fees allegedly incurred by Tartan West, LLC between March 2007 and June 2008.  Tartan West, LLC filed an answer on January 24, 2011 stating, in relevant part, "[ABG] has not named a legal entity associated with Steven Simonetti."  (Jan. 24, 2011 Answer, 2.)

{¶ 3}  On February 9, 2011, ABG filed a motion to substitute Tartan West for Tartan West, LLC as the defendant, asserting the complaint misidentified the defendant as Tartan West, LLC.  The trial court granted ABG's motion on March 1, 2011.  On March 28, 2011, ABG filed a motion for leave to amend its complaint to add Simonetti as a defendant, asserting there was a question of law as to Simonetti's personal liability on the debt ABG sought to collect from Tartan West.  The trial court granted the motion on March 29, 2011.

{¶ 4}  On April 7, 2011, Simonetti filed an answer, along with a motion for R.C. 2323.51 sanctions.  In the motion, Simonetti maintained that ABG's filing of the complaint constituted frivolous conduct as defined in R.C. 2323.51, as it "was filed to harass or maliciously injure Defendant, [and] is not warranted under existing law, [or] cannot be support[ed] by a good faith argument for an extension, modification, reversal or establishment of existing law."  (Apr. 7, 2011 Motion, 2.)

{¶ 5}  The trial court scheduled a trial on ABG's breach of contract action for August 31, 2011.  Minutes before trial was to commence, ABG dismissed Simonetti as a defendant without prejudice pursuant to Civ.R. 41(A)(1)(a).  The next day, September 1, 2011, ABG dismissed the entire action without prejudice pursuant to Civ.R. 41(A)(1)(a).

{¶ 6}  On September 8, 2011, Simonetti renewed his R.C. 2323.51 motion for sanctions.  Simonetti asserted that sanctions were warranted because (1) ABG dismissed its lawsuit on the eve of trial in contravention of previous discussions between the parties as to the impropriety of doing so, and (2) ABG filed its complaint solely in retaliation for a pending lawsuit Simonetti filed against ABG and one of its principals, Bret Adams.  On

September 19, 2011, ABG filed a response to Simonetti's motion along with an R.C. 2323.51 motion for sanctions against Simonetti. ABG argued in its motion that Simonetti engaged in frivolous conduct "by filing a motion for fees that was not based on any statutory authority" and was "completely lacking in evidentiary support." (Sept. 19, 2011 Motion, 4.)

{¶ 7} The trial court scheduled a hearing on the parties' motions for sanctions for June 2012. Following numerous continuances and procedural maneuverings, the hearing was finally set for November 20, 2013.

{¶ 8} On October 11, 2013, the parties filed pre-hearing briefs in support of their respective motions for sanctions. In his brief, Simonetti again alleged he was substituted as a party to the lawsuit only in retaliation for separate litigation Simonetti filed against ABG and Adams and that ABG dismissed its lawsuit at the last minute despite Simonetti's request that it not do so. Citing unrelated litigation between him and Adams, Simonetti claimed that Adams had a "propensity to file harassment litigation against Mr. Simonetti." (Simonetti Oct. 11, 2013 Sanctions Brief, 3.) Simonetti claimed that ABG's conduct qualified as frivolous conduct "obviously purposed in harassing or maliciously injuring [Simonetti] by causing a needless increase in the cost of litigation" and was "not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, and also cannot be supported by a good faith argument for the establishment of new law." (Simonetti Oct. 11, 2013 Sanctions Brief, 6.) Simonetti requested sanctions in the amount of $14,808.53.

{¶ 9} In its brief, ABG claimed Simonetti engaged in sanctionable frivolous conduct by intentionally concealing the identity of the party responsible for payment of the legal services rendered, by denying his personal responsibility for payment of the legal services rendered, by filing frivolous pretrial motions, and by filing a frivolous motion for sanctions. ABG argued that Simonetti's "gamesmanship" violated R.C. 2323.51. (ABG Oct. 11, 2013 Sanctions Brief, 9.)

{¶ 10} During a November 20, 2013 status conference, the parties agreed to submit their motions for decision upon non-oral hearing after filing supplemental briefs and/or evidentiary materials. On December 9, 2013, the trial court filed an entry which memorialized the parties' agreement and ordered that the supplemental materials be filed

no later than December 23, 2013. On December 23, 2013, the parties submitted their supplemental filings.

{¶ 11} In his supplemental filing, Simonetti asserted that "[d]espite the game of musical defendants [ABG] played," ABG was aware of the proper legal name of the entity that had incurred the legal fees and/or had access to numerous members of that entity who could have informed him of such. (Dec. 23, 2013 Supplemental Brief, 2.) He further averred that despite knowledge that Simonetti was not a proper defendant, ABG nonetheless added him as a party. Simonetti claimed that due to its "misbehavior and misuse of the system," ABG "should be responsible for the expense * * * created for Mr. Simonetti." (Dec. 23, 2013 Supplemental Brief, 4.) Simonetti attached various evidentiary materials to his supplemental filing, most notably his own affidavit.

{¶ 12} In its supplemental filing, ABG did not offer argument beyond that asserted in its October 11, 2013 sanctions brief. ABG filed evidentiary materials in the form of affidavits of two of its in-house attorneys, two members of an entity known as Tartan Development Company (West), LLC, and the outside counsel who filed the motion for sanctions on behalf of ABG. In his affidavit, outside counsel averred that ABG paid $13,492.85 for his services in pursuing the motion for sanctions.

{¶ 13} In its decision and entry, the trial court acknowledged the parties' conflicting factual assertions underlying their motions for sanctions. As to Simonetti, the court stated, "the version of those facts advanced by Mr. Simonetti asserts that ABG engaged in an elaborate and calculated legal ruse to harass Mr. Simonetti by filing a lawsuit, wherein the wrong party was deliberately named, but only just slightly mis-named so as to lend the gambit an air of believability, and thereafter ABG brazenly twice repeated the tactic before dismissing. Mr. Simonetti asserts that all of this was done, (presumably at great expense to ABG), for the sole purpose of burdening him with an expensive lawsuit." (Mar. 5, 2014 Decision and Entry, 4.) Regarding ABG, the court averred, "[i]n stark contrast, ABG's version of the facts asserts that for over one year ABG provided legal services to a client without coming to know the true legal identity of that client, only to have the representative of that client extend the scheme to its extreme by continuing to conceal the true identity of the client after ABG brought suit for unpaid legal fees." (Mar. 5, 2014 Decision and Entry, 4.)

{¶ 14} The court concluded that neither party had met its burden of establishing its version of the facts. Regarding Simonetti, the court stated, "instead of showing ABG to be malevolent and plotting, the evidence and the record in this case show sloppy and inattentive legal practice by ABG. However, mistakes and misstatements do not rise to 'the sort of egregious conduct subject to sanction as frivolous conduct.' *Judd v. Meszaroz,* 10th Dist. No. 10AP-1189, 2011-Ohio-4983, ¶ 28." (Mar. 5, 2014 Decision and Entry, 4.)

{¶ 15} As to ABG, the court stated, "instead of showing a deliberate scheme to evade paying legal fees by concealing the proper defendant's identity, the evidence and the record show that Mr. Simonetti's counsel chose to employ a legal strategy of declining to aid ABG's stumbling efforts to prosecute its claim for relief. The Court notes that although that strategy was consistent with the Civil Rules and applicable law, and was therefore within Mr. Simonetti's counsel's prerogative to employ, whether that strategy was a wise one is questionable, in hindsight, given the way in which it contributed to the prolonged character of this case." (Mar. 5, 2014 Decision and Entry, 4-5.) In a related footnote, the court noted, "[t]he strategy was also futile, ultimately, because ABG also represents that after dismissing the instant action, it filed suit against the proper legal entity (a company associated with Mr. Simonetti) and obtained summary judgment, and the judgment was affirmed on appeal. * * * *See Adams, Babner & Gitlitz, L.L.C. v. Tartan Dev. Co. (West), L.L.C.,* 10th Dist. No. 12AP-729, 2013-Ohio-1573." (Mar. 5, 2014 Decision and Entry, 5, fn. 3.) The court further observed that "the general confusion over precise legal names in this case is consistent with the numerous instances in the record in which the parties and their counsel used various versions of the name 'Tartan West,' seemingly interchangeably." (Mar. 5, 2014 Decision and Entry, 5.)

{¶ 16} The court also rejected Simonetti's claim that ABG engaged in frivolous conduct by adding him as a defendant without sufficient basis and dismissing him on the day of trial, finding that ABG's evidentiary materials provided "colorable legal arguments to support adding and dismissing Mr. Simonetti." (Mar. 5, 2014 Decision and Entry, 6.) The court averred, "[t]hus, the Court cannot conclude, as a matter of fact, that adding and then dismissing Mr. Simonetti was done solely for the purpose of harassing and maliciously injuring him." (Mar. 5, 2014 Decision and Entry, 6.)

{¶ 17} The court ultimately concluded, "because neither party has met its burden of proof by showing that the other engaged in conduct which objectively and obviously served merely to harass and maliciously injure the other, the Court cannot conclude, as a factual matter, that either party engaged in frivolous conduct." (Mar. 5, 2014 Decision and Entry, 6.) Accordingly, the court denied both parties' R.C. 2323.51 motions for sanctions.

## II. ASSIGNMENT OF ERROR

{¶ 18} In a timely appeal, ABG sets forth a single assignment of error:

> IN LIGHT OF THIS COURT'S DECISION IN *ADAMS, BABNER & GITLITZ, LLC V. TARTAN DEVELOPMENT CO. (WEST), LLC.,* 2013-Ohio-1573 (APRIL 2013), IT IS CLEAR THAT APPELLEE'S CONDUCT WAS FRIVOLOUS; THEREFORE, ABG SHOULD BE AWARDED REASONABLE ATTORNEY'S FEES AS COMPENSATION IN LITIGATING THIS ISSUE.

## III. DISCUSSION

{¶ 19} At the outset, we note that even after ABG voluntarily dismissed its breach of contract action, the trial court retained jurisdiction to decide the motions for sanctions, as such are considered collateral issues unrelated to the merits of the action. *State ex rel. Hummel v. Sadler,* 96 Ohio St.3d 84, 88, 2002-Ohio-3605, ¶ 23; *Grossman v. Mathless & Mathless,* 85 Ohio App.3d 525, 528 (10th Dist.1993) (holding that a trial court may entertain a motion to impose sanctions under R.C. 2323.51 even after a voluntary dismissal).

{¶ 20} ABG states in its assignment of error that our decision in *Adams, Babner & Gitlitz, LLC v. Tartan Dev. Co. W., LLC*, 10th Dist. No. 12AP-729, 2013-Ohio-1573, wherein we concluded the trial court did not err in granting summary judgment to ABG on its breach of contract claim against an entity known as Tartan Development Company (West) LLC, necessitates a finding that Simonetti engaged in frivolous conduct. However, ABG fails to offer any legal argument as to why this is true. Indeed, ABG mentions our decision only in its procedural history and in reference to the trial court's footnote quoted above. Under App.R. 16(A)(7), an assignment of error must be supported by an argument. "If an argument exists supporting an assignment of error, 'it is not this court's

duty to root it out.' " *Reid v. Plainsboro Partners, III*, 10th Dist. No. 09AP-442, 2010-Ohio-4373, ¶ 22, quoting *State v. Breckenridge*, 10th Dist. No. 09AP-95, 2009-Ohio-3620, ¶ 10. Appellate courts may not construct legal arguments in support of an appellant's appeal. *Camp v. Star Leasing Co.*, 10th Dist. No. 11AP-977, 2012-Ohio-3650, ¶ 67.

{¶ 21} ABG's actual argument is set forth in the body of its brief: "[t]he issue presented on appeal is whether [Simonetti's] tactic of prolonging the case is sufficient grounds for sanctions under R.C. 2323.51?" (ABG's Brief, 1.) Pursuant to R.C. 2323.51(B)(1), "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." When presented with a motion for sanctions under R.C. 2323.51, a trial court must employ a two-step process. *McCallister v. Frost*, 10th Dist. No. 07AP-884, 2008-Ohio-2457, ¶ 24. First, the court must determine whether an action taken by the party against whom sanctions are sought constituted frivolous conduct. *Id.* Second, if the court finds the conduct frivolous, it must determine what amount, if any, of reasonable attorney fees to award the party aggrieved by the frivolous conduct. *Id.*

{¶ 22} "No single standard of review applies to appeals of rulings on R.C. 2323.51 motions." *Groves v. Groves*, 10th Dist. No. 09AP-1107, 2010-Ohio-4515, ¶ 18, citing *Indep. Taxicab Assn. of Columbus, Inc. v. Abate*, 10th Dist. No. 08AP-44, 2008-Ohio-4070, ¶ 13. "The standard an appellate court uses depends upon whether the trial court's determination resulted from factual findings or a legal analysis." *Bartelt Dancers, LLC v. Icenhour*, 10th Dist. No. 13AP-154, 2013-Ohio-5604, ¶ 10. "When the question regarding what constitutes frivolous conduct calls for a legal determination, 'e.g., whether a claim is warranted under existing law or could be supported by a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law,' we employ a de novo standard of review." *Id.*, quoting *Groves* at ¶ 18. "When the determination of frivolous conduct results from a factual determination, we review the trial court's findings with a 'degree of deference, and we do not disturb those findings where the record contains competent, credible evidence to support them.' " *Id.*, quoting *Groves* at ¶ 18. "A frivolous conduct finding under R.C. 2323.51(A)(2)(a)(i) involves a

determination of factual issues." *Ruffian, LLC v. Hayes*, 10th Dist. No. 09AP-948, 2011-Ohio-831, ¶ 30, citing *Orbit Electronics, Inc. v. Helm Instrument Co.*, 167 Ohio App.3d 301, 2006-Ohio-2317, ¶ 47 (8th Dist.).

{¶ 23} ABG's contention that Simonetti engaged in frivolous conduct by "prolonging the case" invokes R.C. 2323.51(A)(2)(a)(i).  Under that section, conduct is frivolous if it "obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation."  Although R.C. 2323.51 does not define the term "purpose," at least one appellate court has applied the definition of "purpose" set forth in R.C. 2901.22(A) to an R.C. 2323.51 frivolous conduct analysis.  *See Wagner v. Cormeg, Inc.*, 5th Dist. No. 2010 CA 00134, 2011-Ohio-1205, ¶ 39-42.  "Purpose is defined in terms of a specific intention either to cause a certain result, or to engage in conduct of a certain nature regardless of what the offender intends to accomplish through that conduct."  *Id.* at ¶ 40.  As noted, the trial court found that the legal strategy employed by Simonetti in failing to assist ABG in determining the proper defendant to sue did not amount to frivolous conduct because such strategy was sanctioned by the civil rules and was thus within Simonetti's prerogative to employ.  The trial court questioned the wisdom of this strategy "given the way in which it contributed to the prolonged character of this case."  (Mar. 5, 2014 Decision and Entry, 5.)

{¶ 24} ABG seizes upon the trial court's language quoted above in arguing that "[i]nexplicably, in coming to the conclusion that [Simonetti] had employed a legal strategy, solely for the purpose of prolonging the case, the trial court then denied ABG's claim for sanctions."  (ABG's Brief, 6.)  We disagree with ABG's characterization of the trial court's statement.  Contrary to ABG's contention, the trial court did not find that the legal strategy employed by Simonetti was for the sole purpose of prolonging the case; rather, the trial court merely found that such strategy may not have been wise, as it contributed to the lengthy proceedings in this case.

{¶ 25} Upon review, while we agree with the trial court that the legal tactics taken by Simonetti may have contributed, at least in part, to the lengthy nature of this case, we do not find sufficient evidence that those tactics were employed with the specific intention of "causing unnecessary delay or a needless increase in the cost of litigation."  R.C.

2323.51(A)(2)(a)(i).  Accordingly, the trial court did not err in declining to find frivolous conduct under R.C. 2323.51(A)(2)(a)(i).

{¶ 26}  ABG's assignment of error is overruled.

## IV.  CROSS-ASSIGNMENT OF ERROR

{¶ 27}  Simonetti filed a notice of cross-appeal and sets forth the following assignment of error:

> The trial court erred to the prejudice of Defendant/Cross-Appellant Steven Simonetti ("Simonetti") when it determined that Simonetti is not entitled to attorneys fees and sanctions stemming from Plaintiff/Cross-Appellee Adams Babner, LLC's ("Adams") frivolous conduct.

{¶ 28}  Before considering the merits of this assignment of error, we must first consider our jurisdiction to do so.

{¶ 29}  App.R. 3(C)(1) provides, in part, that "[a] person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order * * * shall file a notice of cross appeal within the time allowed by App.R. 4."  As relevant here, pursuant to App.R. 4(A), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal * * * within 30 days of that entry."  App.R. 4(B)(1) provides that "[i]f a notice of appeal is timely filed by a party, another party may file a notice of appeal within the appeal time period otherwise prescribed by this rule or within ten days of the filing of the first notice of appeal."

{¶ 30}  The trial court entered final judgment in this matter on March 5, 2014.  ABG filed its notice of appeal on April 4, 2014, within the time prescribed by App.R. 4.  Simonetti did not file his notice of cross-appeal with the trial court until April 15, 2014, which was one day out of rule pursuant to App.R. 4(B)(1).  "The time requirements for filing a cross-appeal pursuant to App.R. 4 are mandatory and jurisdictional."  *Tod v. Cincinnati State Technical & Community College*, 10th Dist. No. 10AP-656, 2011-Ohio-2743, ¶ 94, citing *Donahue v. Silberstein*, 10th Dist. No. 90AP-588 (1990).  "An appellate court may not enlarge the time for filing a notice of appeal."  *Id.,* citing App.R. 14.  Because Simonetti failed to comply with the time requirements of App.R. 4 in filing his notice of cross-appeal, we are without jurisdiction to consider his cross-appeal.

## V.  CONCLUSION

{¶ 31} Accordingly, having overruled ABG's assignment of error, we affirm the judgment of the Franklin County Municipal Court.  Simonetti's cross-appeal is dismissed.

*Judgment affirmed;*
*cross-appeal dismissed.*

TYACK and CONNOR, JJ., concur.

_____