[Cite as *A.L. v. Stephens*, 2014-Ohio-677.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| A. L. | C.A. No.    26345 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHNSON STEPHENS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CV-2012-0764 |

DECISION AND JOURNAL ENTRY

Dated: February 26, 2014

HENSAL, Judge.

**{¶1}** Johnson Stephens appeals a civil stalking protection order entered by the Summit County Court of Common Pleas. For the following reasons, this Court reverses.

I.

**{¶2}** On February 10, 2012, A.L. filed a petition for civil stalking protection order against Mr. Stephens. Six days later, a magistrate held a hearing on the petition. Following the hearing, the magistrate signed an "Order of Protection." The trial court approved and adopted the order and entered it on the docket on February 22, 2012. Mr. Stephens has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING JUDGMENT OF A CIVIL PROTECTION ORDER FOR STALKING, WITHOUT A PREFATORY MAGISTRATE'S DECISION, CONTRARY TO RULE 53 OHIO RULES OF CIVIL PROCEDURE.

{¶3} Mr. Stephens argues that the magistrate did not comply with Civil Rule 53 when he ruled on A.L.'s petition. He contends that the caption of the magistrate's decision does not indicate that it is a magistrate's decision, as required by Rule 53(D)(3)(a)(iii). He also argues that he was not afforded the right to object to the decision before the trial court approved and adopted it.

{¶4} Civil Rule 53(D)(3)(a)(iii) provides that "[a] magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed." It also provides:

> A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

*Id*.

{¶5} To prepare the civil stalking protection order, the magistrate used "Form 10.03-F." *See* Sup.R. 10.03(D). In *Keller v. Keller*, 9th Dist. Summit No. 25967, 2012-Ohio-4029, this Court examined a similar form that the trial court in that case used to enter a domestic violence civil protection order. We held that the form failed to meet the requirements of Civil Rule 53(D)(3)(a)(iii) because it did not designate the order as a "magistrate's decision" in the caption and did not give the parties conspicuous notice of the consequences of failing to file timely objections. *Id*. at ¶ 5. We determined that the appropriate remedy was to "reverse and remand the matter to the trial court for the magistrate to prepare a decision which complies with Civ.R. 53(D)(3)(a)(iii), giving the parties an opportunity to file timely objections." *Id*. at ¶ 7.

**{¶6}** Mr. Stephens is correct that the magistrate's decision in this case was not captioned as a magistrate's decision.[1] It also did not notify him that he would forfeit his right to appeal to it if he did not comply with Rule 53(D)(3)(b). Accordingly, like in *Keller*, we conclude that, because the civil stalking protection order does not comply with the requirements of Civil Rule 53(D)(3)(a)(iii), this case must be reversed and remanded for the magistrate to enter a decision that complies with the civil rules. Mr. Stephens's first assignment of error is sustained. Because Mr. Stephens has not had the opportunity to seek proper review of the magistrate's decision, we conclude that his other assignments of error are not ripe, and they are overruled on that basis.

### III.

**{¶7}** Mr. Stephens's first assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this case is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

---

[1] We note that subsequent to the order issued in this case, effective July 2012, the Ohio Civil Rules were amended to adopt Civ.R. 65.1 which eliminated the applicability of Civ. R. 53 to civil protection orders.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JOHNSON STEPHENS, pro se, Appellant.

A.L., pro se, Appellee.