[Cite as *M.H. v. J.H.*, 2017-Ohio-8679.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

M.H.

    Appellee

    v.

J.H.

    Appellant

C.A. No.    16CA0055-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    14DV0107

DECISION AND JOURNAL ENTRY

Dated: November 27, 2017

CALLAHAN, Judge.

{¶1} J.H. appeals from an order of the Medina County Common Pleas Court, Domestic Relations Division. This Court reverses and remands.

I.

{¶2} J.H.'s estranged wife sought and obtained a domestic violence civil protection order against him. *M.H. v. J.H.*, 9th Dist. Medina No. 15CA0031-M, 2015-Ohio-5178, ¶ 2-3. J.H. appealed, and this Court reversed based on M.H.'s failure to present sufficient evidence that she reasonably feared imminent serious physical harm as a result of the incident on the date in question. *Id.* at ¶ 14, 16. On remand, the trial court vacated the domestic violence civil protection order.

{¶3} Thereafter, J.H. moved the trial court to seal the record. A magistrate held a hearing during which J.H.'s attorney presented an argument on his behalf. The magistrate issued a decision denying the motion to seal. On the second page of that entry, the trial court adopted

the magistrate's decision and made it the order of the trial court. J.H. did not object to the magistrate's decision.

{¶4} J.H. appeals raising one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED SEALING OF THE VACATED CIVIL PROTECTION ORDER RECORD.

{¶5} In his sole assignment of error, J.H. argues that this Court's reversal presented an "'unusual and exceptional'" circumstance warranting the sealing of the underlying case. This Court is unable to reach the merits of this argument at this time.

{¶6} Preliminarily, this Court must examine the nature of the entry appealed in this matter. The hearing on the motion to seal took place in front of the magistrate. The entry was signed by the magistrate on the first page and by the judge on the second page. On the first page, the magistrate stated that the matter was referred to her "pursuant to Civil Rules 53 and 65.1."

{¶7} Civ.R. 53(D) generally governs when a proceeding is referred to a magistrate, but Civ.R. 65.1(F) contains additional provisions when a petition for a civil protection order is referred to a magistrate. In particular, a magistrate's denial or grant of a protection order is excepted from the requirements of Civ.R. 53(D)(3). Civ.R. 65.1(F)(2)(b)(ii) and (F)(3)(b). Although the underlying case in this matter originated with a petition for a civil protection order, the matter currently on appeal is the denial of a motion to seal the record. Because that decision is not the denial or grant of a protection order, Civ.R. 53(D)(3) is applicable.

{¶8} Civ.R. 53(D)(3)(a)(iii) specifies:

A magistrate's decision *shall* be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, * * *. A magistrate's decision *shall indicate conspicuously* that a party shall not assign as error on appeal the court's

adoption of any factual finding or legal conclusion * * * unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

(Emphasis added.) Civ.R. 53(D)(3)(b) addresses the filing of objections to a magistrate's decision. The rule specifies that the failure to file objections generally results in a forfeiture of those issues on appeal. Civ.R. 53(D)(3)(b)(iv) states: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶9} Civ.R. 53(D)(3)(a)(iii) uses the mandatory "shall" to impose an obligation on magistrates to identify their decisions and to notify the parties of the necessity to file objections in order to avoid forfeiting the parties' arguments on appeal. "'The clear import of [Civ.R. 53(D)] is to provide litigants with a meaningful opportunity to register objections to the [magistrate's decision] and the failure to provide such an opportunity to object is prejudicial error.'" (Additional internal quotation marks and citations omitted.) *Ulrich v. Mercedes-Benz USA, LLC*, 9th Dist. Summit No. 23550, 2007-Ohio-5034, ¶ 13, quoting *Ford v. Gooden*, 9th Dist. Summit No. 22764, 2006-Ohio-1907, ¶ 13.

{¶10} The decision in the present matter does not comply with the rule in two ways. First, it is not identified as a magistrate's decision in the caption. Second, it does not contain any notification that the parties must file timely objections in order to preserve issues for appellate review.

{¶11} The failure to caption a magistrate's decision as such can cause confusion among the parties regarding whether they must follow the mandates of Civ.R. 53(D) in order to preserve issues for appellate review. *See Williams v. Ormsby*, 9th Dist. Medina No. 09CA0080-M, 2010-

Ohio-3666, ¶ 12. In the present case, the decision was captioned, "DECISION AND ORDER ON APPLICATION TO SEAL." The magistrate signed the decision, but did not indicate in the caption that it was a "magistrate's decision." Adding to the potential for confusion, the caption lists the trial judge's name and the second page of the decision contains the trial judge's signature.

**{¶12}** In addition to not being properly captioned, the magistrate's decision failed to mention that parties were required to file timely objections under Civ.R. 53(D)(3)(b) to properly preserve issues for appellate review. Civ.R. 53(D)(3)(a)(iii) requires a "conspicuous[]" warning of the need to file objections pursuant to the rule.

**{¶13}** While a trial court is permitted to enter a judgment during the fourteen day period in which a party may file objections to a magistrate's decision, the parties must still be afforded the opportunity to file objections. *See* Civ.R. 53(D)(4)(e)(i). In the present case, the trial court indicated that it had made a "careful and independent analysis of the [m]agistrate's [d]ecision" and applied the test set forth by the Ohio Supreme Court in *Schussheim v. Schussheim*, 137 Ohio St.3d 133, 2013-Ohio-4529 and *Pepper Pike v. Doe*, 66 Ohio St.2d 374 (1981). Nonetheless, there is no indication that J.H. was ever notified of his obligation under the rule to file objections or risk forfeiture of his issues on appeal.

**{¶14}** Consequently, this Court reverses and remands this matter for the magistrate to prepare a decision that complies with the rule and provides the parties an opportunity to file objections. *See Ulrich*, 2007-Ohio-5034, at ¶ 16; *Williams*, 2010-Ohio-3666, at ¶ 13; *A.L. v. Stephens*, 9th Dist. Summit No. 26345, 2014-Ohio-677, ¶ 5. In light of this disposition, J.H.'s assigned error is premature.

III.

**{¶15}** The judgment of the Medina County Common Pleas Court, Domestic Relations Division, is reversed and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

No costs are taxed in this appeal.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

DAVID V. GEDROCK, Attorney at Law, for Appellant.

M.H., pro se, Appellee.