[Cite as *In re M.M.*, 2018-Ohio-2801.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: M.M.

C.A. Nos.     18CA011249
                       18CA011255


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     15JC47224

DECISION AND JOURNAL ENTRY

Dated: July 16, 2018

TEODOSIO, Presiding Judge.

{¶1}    Appellants, M.D. ("Mother"), and J.L. ("Father"), appeal from a judgment of the Lorain County Court of Common Pleas, Juvenile Division, that placed their minor child in the legal custody of a third party, Mr. M.  Because Father was prejudiced by the magistrate's failure to issue a decision that complied with Juv.R. 40(D)(3)(a)(iii), this Court reverses and remands.

I.

{¶2}    Mother and Father are the biological parents of M.M., born June 20, 2006.  Mr. M. was romantically involved with Mother for many years, including while Mother became pregnant with M.M.  For the first eight years of the child's life, Mr. M. believed that he was M.M.'s biological father.  After his relationship with Mother ended, Mr. M. learned through genetic testing that he was not M.M.'s father.

{¶3}    On December 2, 2015, Lorain County Children Services ("LCCS") filed a complaint, alleging that M.M. was a neglected and dependent child because the identity of the

child's father was unknown and Mother lacked stable income and housing, struggled with mental health problems, and was not meeting the child's basic needs. Because the identity of M.M.'s father was not known, the complaint was served by publication. Father later contacted LCCS and was confirmed to be the child's father.

{¶4} M.M. was later adjudicated neglected and dependent and placed in the temporary custody of Mr. M. The case proceeded to a final hearing on alternative dispositional motions, including a motion to place M.M. in the legal custody of Mr. M. and another to return him to the legal custody of Mother. Following the hearing, the magistrate determined that M.M. should be placed in the legal custody of Mr. M. The trial court adopted the decision the same day, pending the filing of timely objections.

{¶5} Mother filed timely objections, but Father filed no objections to the magistrate's decision. The trial court later overruled Mother's objections and placed M.M. in the legal custody of Mr. M. Mother and Father separately appealed and their appeals were later consolidated. Each parent raises three assignments of error.

{¶6} Rather than addressing the merits of the parents' assignments of error, this Court raises another issue that renders the parents' assignments of error moot. A review of the record revealed that Father failed to raise timely, written objections to the magistrate's decision. Because he failed to comply with Juv.R. 40(D)(3)(b)(iv), this Court would normally conclude that he had forfeited all but plain error. *See In re B.C.*, 9th Dist. Summit Nos. 26976 and 26977, 2014-Ohio-2748, ¶ 24.

{¶7} Although Father was required to comply with the procedural requirements of Juv.R. 40, so was the trial court. Notably, the magistrate was required to provide the parties with proper written notice about their rights to object to the decision and of the legal consequences of

failing to do so. Juv.R 40(D)(3)(a)(iii) provides, in relevant part, that the written magistrate's decision:

> shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Juv.R. 40(D)(3)(b).

{¶8} This Court has construed identical language within the context of Civ.R. 53 and held that the appellant will not be deemed to have forfeited appellate review for failing to file objections in the trial court unless the magistrate's decision included a conspicuous and complete advisement in compliance with Civ.R. 53(D)(3)(a)(iii). *See, e.g.*, *M.H. v. J.H.*, 9th Dist. Medina No. 16CA0055-M, 2017-Ohio-8679, ¶ 12-14; *Ball v. Meier*, 9th Dist. Summit Nos. 26079 and 26109, 2012-Ohio-5864, ¶ 18-23. Instead, because the aggrieved party suffered prejudice from the magistrate's failure to include the required notice, this Court has reversed and remanded the matter to the trial court for the magistrate to prepare a decision that complies with Civ.R. 53 and provides the parties with an opportunity to file timely objections. *See id.*

{¶9} In *M.H. v. J.H.*, the magistrate's decision included no notice whatsoever to advise the parties about their rights and responsibilities to file timely written objections. *Id.* at ¶ 12. Because the magistrate failed to comply with the specific mandate of Civ.R. 53(D)(3)(a)(iii), this Court did not fault the appellant for failing to file objections to the magistrate's decision under Civ.R. 53(D)(3)(b), but instead reversed and remanded the matter to the trial court "for the magistrate to prepare a decision that complies with the rule and provides the parties an opportunity to file objections." *Id.* at ¶ 14.

{¶10} This Court's reasoning under Civ.R. 53 applies with full force to magistrate's decisions filed pursuant to identical language in Juv.R. 40. As in *M.H. v. J.H.*, the magistrate's

decision in this case failed to include any notice about the aggrieved parties' need to file timely objections to avoid forfeiture of issues on appeal. Father suffered prejudice because he did not file objections. Consequently, this Court must reverse and remand the trial court's judgment for the magistrate to prepare and file a magistrate's decision that complies with the specific legal requirements of Juv.R. 40 and provides the parties with an opportunity to file timely written objections. For that reason, the parties' assignments of error have been rendered moot and will not be addressed. *See* App.R. 12(A)(1)(c).

### III.

{¶11} The parents' assignments of error have been rendered moot and will not be addressed. The judgment of the Lorain County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR

APPEARANCES:

LORI K. BROBST, Attorney at Law, for Appellant.

DENISE E. FERGUSON, Attorney at Law, for Appellant.

SCOTT PARIS, Attorney at Law, for Appellee.

DENNIS P. WILL, Prosecuting Attorney, and CARA FINNEGAN, Assistant Prosecuting Attorney, for Appellee.

MARIE BANKS, Guardian ad Litem.