[Cite as *In re S.D.*, 2019-Ohio-3313.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: S.D.

C.A. No.    18CA011449

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16 NU 082277

DECISION AND JOURNAL ENTRY

Dated: August 19, 2019

HENSAL, Judge.

{¶1}   Mother and Father appeal from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court reverses and remands the matter for further proceedings consistent with this decision.

I.

{¶2}   This appeal stems from a dissolution action wherein the trial court granted Mother and Father a dissolution, and the parties agreed to a shared parenting plan for their three minor children. About one year later, D.V. filed a motion to intervene and a motion for legal custody of S.D., who is one of Mother and Father's minor children. By agreement of the parties, D.V. was granted temporary custody of S.D. The magistrate later held a hearing on D.V.'s motion for legal custody. Mother and Father were not present at the hearing. Following the hearing, the magistrate ordered D.V. to prepare a judgment entry. D.V. submitted her proposed judgment entry, which the magistrate signed, and the trial court adopted. The judgment entry granted D.V.

legal custody of S.D., and ordered Mother and Father to pay child support to D.V. Mother and Father now appeal, raising two assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED, TO THE PREJUDICE OF APPELLANTS, BY FAILING TO PREPARE AND FILE A MAGISTRATE'S DECISION THAT COMPLIES WITH OHIO CIVIL RULE 53.

{¶3} In their first assignment of error, Mother and Father argue that the trial court erred by adopting the magistrate's decision, which did not advise the parties of their right to file objections. This Court agrees.

{¶4} Civil Rule 53(D)(3)(a)(iii) provides, in part, that:

[a] magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

There is no dispute that the magistrate's decision failed to advise the parties that they were required to file timely objections under Rule 53(D)(3)(b) in order to properly preserve issues for appellate review. When this occurs, a reversal and remand is appropriate for the magistrate to prepare a decision that complies with Rule 53. *M.H. v. J.H.*, 9th Dist. Medina No. 16CA0055-M, 2017-Ohio-8679, ¶ 12-14. Accordingly, Mother and Father's first assignment of error is sustained, and this Court reverses and remands the matter for the magistrate to prepare a decision that complies with Rule 53.

ASSIGNMENT OF ERROR II

IN THE ALTERNATIVE, THE TRIAL COURT COMMITTED PLAIN ERROR.

**{¶5}** In their second assignment of error, Mother and Father argue that the trial court committed plain error relative to its child-support calculation. In light of this Court's disposition of the previous assignment of error, we decline to address this assignment of error on the basis that it is premature at this time.

### III.

**{¶6}** Mother and Father's first assignment of error is sustained. We decline to address Mother and Father's second assignment of error. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

                                            _____

                                            JENNIFER HENSAL
                                            FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOHN J. GILL, Attorney at Law, for Appellants.

DAVID S. BARTOS, Attorney at Law, for Appellee.