[Cite as *Zoellner v. Zoellner*, 2020-Ohio-406.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Melanie Zoellner

    Appellant

v.

Robert Zoellner

    Appellee

Court of Appeals No. E-19-004

Trial Court No. 2017 DR 0002

**DECISION AND JUDGMENT**

Decided:  February 7, 2020

* * * * *

Brent L. English, for appellant.

James W. Hart, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Melanie Zoellner, appeals the judgment of the Erie County Court of Common Pleas, which adopted a magistrate's entry, and which granted appellant a divorce from appellee, Robert Zoellner, and divided the parties' assets.  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On January 10, 2017, appellant initiated the present action by filing a complaint for divorce from appellee. Appellee answered the complaint, and included a counterclaim for divorce. Discovery was had, and the matter proceeded to a trial before the magistrate on January 30 and April 30, 2018, for the division of property. At the end of the trial, the magistrate requested proposed findings of fact and conclusions of law from both parties to be filed within 30 days. Appellee submitted his proposed findings of fact and conclusions of law on May 25, 2018. Appellant submitted her proposed findings of fact and conclusions of law on June 29, 2018.

{¶ 3} On July 26, 2018, the magistrate adopted appellee's findings of fact and conclusions of law. On that date, the magistrate entered upon the journal a document captioned "Findings of Fact and Conclusions of Law." The document was nearly identical to appellee's proposed findings of fact and conclusions of law, except that the magistrate removed appellee's signature box, and signed his own name at the end of the document.

{¶ 4} Also attached to the end of the July 26, 2018 entry was a single page titled "**<u>NOTICE</u>**." In addition to being in all caps, bolded, and underlined, it appears that the word "notice" was in a slightly larger font size. Under the title, in ordinary typeface, was the following:

> Pursuant to Civil Rule 53, within 14 days of the filing of this
> decision, a party may file written objections, stating the party's objections

2.

with particularity. If a party makes a request for findings of fact and conclusions of law under Civil Rule 53 and Civil Rule 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.

If no written objections are filed within 14 days, Counsel for the Defendant shall prepare a Judgment Entry pursuant to Civil Rule 53 adopting the foregoing Magistrate's Decision for Judge Tone's signature.

A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law in that decision unless the party timely and specifically objects to that finding or conclusion as required by Civ. R. 53.

{¶ 5} On August 9, 2018, appellant filed her "Objection to Magistrate's Findings of Fact and Conclusions of Law." In her filing, appellant specifically contested numerous findings of fact as being against the manifest weight of the evidence, and multiple conclusions of law as being unsupported by the evidence and contrary to law. Appellant also sought leave to "supplement these objects (sic), as they are being filed prior to the preparation of the transcript in accordance with Civ.R. 53(D). [Appellant] is requesting an additional 30 days after the transcript is prepared in which to supplement."

{¶ 6} On August 23, 2018, appellant filed the court reporter's statement that the transcript consisted of approximately 450 pages and would take between 60 and 75 days to prepare.

3.

{¶ 7} Nothing else was placed into the record until November 2, 2018, when appellee filed a "Motion and Affidavit to Show Cause," in which he alleged that appellant placed a "for sale" sign in the window of their marital home in violation of a court injunction.

{¶ 8} On November 5, 2018, appellant filed her "Notice of Dismissal of Appeal," in which she "dismiss[ed] her appeal of the magistrate's decision."

{¶ 9} On December 26, 2018, the trial court entered its judgment adopting the magistrate's July 26, 2018 entry, which it characterized as the "magistrate's decision." The court noted in its judgment entry that appellant timely filed objections on August 9, 2018, that appellee filed a motion and affidavit to show cause, and that the parties then reached an agreement that would become an order of the court. In particular, the court ordered that appellant must take out a mortgage on the marital residence to pay approximately $43,000 to appellee to equalize the parties' property division, and appellee must withdraw his motion and affidavit to show cause, and the costs for the motion would be paid from the filing fee deposited by appellee. The judgment entry noted that appellant then dismissed her objections on November 5, 2018. The December 26, 2018 judgment entry was approved by both parties, but with appellant and her attorney approving "as to form only."

## II. Assignments of Error

{¶ 10} Appellant has timely appealed the December 26, 2018 judgment of the Erie County Court of Common Pleas, and now asserts one assignment of error for our review:

4.

1.  The judgment of the trial court adopting "findings of fact and conclusions of law" as a "magistrate's decision" is erroneous and must be reversed because the magistrate failed to comply with Civ.R. 53(D)(3)(a)(iii) by (1) failing to designate the decision as a "magistrate's decision" in the caption; and (2) by failing to conspicuously inform the parties that failure to file timely and specific objections to the magistrate's findings of fact and conclusions of law, no matter how they were designated in the decision, constituted a waiver of the right to appeal from the adopting of those findings of fact and conclusions of law.

### III. Analysis

{¶ 11} The crux of appellant's argument is that the magistrate's July 26, 2018 entry was procedurally deficient in two ways, and thus did not constitute a "magistrate's decision" under Civ.R. 53(D)(3)(a)(iii).  Civ.R. 53(D)(3)(a)(iii) provides,

A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed.  A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.

R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that

factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b).

In particular, appellant argues that the magistrate's July 26, 2018 entry was not identified as a "magistrate's decision" in the caption, and that the entry did not "conspicuously" provide the notice that a party must object to the magistrate's decision in order to preserve the right to challenge the adoption of a factual finding or legal conclusion on appeal. Notably, appellant does not argue that the content of the notice provided in the July 26, 2018 entry was deficient, only that it was not "conspicuous."

{¶ 12} "A trial court's failure to comply with Civ.R. 53 constitutes grounds for reversal only if the appellant shows the alleged error has merit and the error worked to the prejudice of the appellant." *In re Estate of Hughes*, 94 Ohio App.3d 551, 554, 641 N.E.2d 248 (9th Dist.1994). Here, even assuming the arguable deficiencies to be errors, the record reveals that the alleged errors did not work to the prejudice of appellant.

{¶ 13} As cited by appellant, "Civ.R. 53(D)(3)(a)(iii) uses the mandatory 'shall' to impose an obligation on magistrates to identify their decisions and to notify the parties of the necessity to file objections in order to avoid forfeiting the parties' arguments on appeal." *M.H. v. J.H.*, 9th Dist. Medina No. 16CA0055-M, 2017-Ohio-8679, ¶ 9. "The clear import of [Civ.R. 53(D)] is to provide litigants with a meaningful opportunity to register objections to the [magistrate's decision] and the failure to provide such an opportunity to object is prejudicial error." *Id.*, quoting *Ulrich v. Mercedes-Benz USA, LLC*, 9th Dist. Summit No. 23550, 2007-Ohio-5034, ¶ 13. In this case, appellant had a

6.

meaningful opportunity to register objections to the magistrate's July 26, 2018 entry because she did, in fact, file objections to the entry.

{¶ 14} However, appellant now claims that her November 5, 2018 decision to withdraw her objections was impacted by confusion regarding what the July 26, 2018 entry was, and what she should or could do in response to it. Appellant argues that this confusion is evidenced by her usage of differing nomenclature in that she initially objected to the "Magistrate's Findings of Fact and Conclusions of Law," but later dismissed "her appeal of the magistrate's decision." We find no merit to this claim. To the contrary, the record reveals that the July 26, 2018 entry—although not captioned as such—was clearly the magistrate's decision following the trial on the division of property. Appellant evidently understood the July 26, 2018 entry as such in that she timely filed objections to the entry. Most tellingly, in her "Objection to Magistrate's Findings of Fact and Conclusions of Law," appellant cited Civ.R. 53(D) in asking for the ability to supplement her objections upon preparation of the transcript. Appellant's claim that she did not understand what the July 26, 2018 entry was is belied by the fact that in her objections to the entry she cited the very rule governing magistrate's decisions and the objections thereto.

{¶ 15} Therefore, we find it unnecessary to determine whether the failure to caption an entry as a "magistrate's decision" is reversible error, or to determine whether notice of a party's rights and obligations under Civ.R. 53(D) is "conspicuous" when it is placed on a separate page under a heading that is in all-caps, bolded, underlined, and in a

7.

larger font, because in this case, appellant has not demonstrated any prejudice in that she timely filed objections to the magistrate's July 26, 2018 entry.

{¶ 16} Accordingly, appellant's assignment of error is not well-taken.

### IV. Conclusion

{¶ 17} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.