O’Donnell, J.
{¶ 1} The issue in this case is whether a trial court has the authority to seal records relating to a dissolved civil protection order (“CPO”) without express statutory authorization to do so.
{¶ 2} Alan Schussheim has appealed a decision of the Twelfth District Court of Appeals that affirmed the trial court’s denial of his application to expunge and seal the record of proceedings regarding a dissolved CPO. Ohio has no statute either authorizing or precluding the sealing of records relating to CPOs in adult proceedings.
{¶ 3} In Pepper Pike v. Doe, 66 Ohio St.2d 374, 421 N.E.2d 1303 (1981), we recognized that courts have inherent authority to grant the judicial remedy of expungement and sealing of records in “unusual and exceptional circumstances.” This case is another where unusual and exceptional circumstances exist because the complainant who originally filed for the CPO subsequently filed a motion to dissolve it, which the court granted, and thereafter provided an affidavit in support of the application to expunge and seal the records pertaining to it. Thus, in accordance with Pepper Pike, we hold that a trial court has the inherent authority to grant an application to expunge and seal a record pertaining to a dissolved CPO in an adult proceeding when unusual and exceptional circumstances exist. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this opinion.
Factual Background and Procedural History
{¶ 4} On July 13, 2009, Michelle D. Henneman, f.k.a. Michelle D. Schussheim, filed a petition for a domestic-violence CPO against Schussheim, her husband, *134 pursuant to R.C. 3113.31. She alleged that he had threatened and shoved one of their daughters and had pushed Henneman to the floor. A magistrate granted an ex parte CPO the day Henneman filed the petition requesting it. Eight days later, the magistrate held a hearing with both parties present and modified the order but specified that it would remain in effect until July 13, 2010.
{¶ 5} Shortly thereafter, Henneman moved to dissolve the order, and on August 14, 2009, the trial court dismissed the case and dissolved the CPO.
{¶ 6} In April 2011, Schussheim filed an application to expunge and seal the record of the CPO proceedings. He asserted that he and Henneman were going through a divorce at the time she obtained the CPO, that he was never charged with domestic violence, and that the existence of the record violated his constitutional right to privacy and could have adverse effects on his employment in regard to wage increases, promotions, and transfers. Significantly, Henneman filed an affidavit in support of Schussheim’s application, averring that she did not object to sealing the record and that she believed expungement was in the best interest of herself and their children.
{¶ 7} After conducting a hearing, the magistrate recommended that the application be denied. The magistrate noted the absence of any statutory authority to expunge or seal records in civil cases or CPOs and noted that the Twelfth District Court of Appeals has never held that courts have the authority to seal CPO records. The magistrate further decided that even if Pepper Pike applied, sealing the record would be inappropriate under the balancing test set forth in that case. In adopting the magistrate’s decision, the trial court agreed with the magistrate’s analysis and concluded that any adverse economic consequences were speculative and insufficient to justify sealing the records.
{¶ 8} Schussheim appealed to the Twelfth District Court of Appeals, where a divided court held that the trial court lacked statutory authority to expunge the CPO records and declined to apply the doctrine of judicial expungement established in Pepper Pike to noncriminal cases or proceedings. 2012-Ohio-2573, 2012 WL 2087406, ¶ 16, 18. The dissenting judge asserted that pursuant to Pepper Pike, courts have the inherent authority to order judicial expungement in unusual and exceptional circumstances and that a court should give the accused in a dismissed ex parte CPO case the opportunity to be heard on his request for this judicial remedy and should conduct the balancing test set forth in Pepper Pike. Id. at ¶ 29, 38.
{¶ 9} On appeal to this court, Schussheim contends that (1) a domestic-violence CPO is subject to judicial expungement pursuant to Pepper Pike and also because such an order implicates the accused’s constitutional rights to due process and equal protection, (2) the court should use the balancing test set forth in Pepper Pike to determine whether to grant this judicial remedy, and (3) a prima facie *135 showing of “actual harm” or “actual negative consequences” is not required before the application of the balancing test described in Pepper Pike.
{¶ 10} No opposing brief has been submitted.
Law and Analysis
{¶ 11} In Pepper Pike, 66 Ohio St.2d at 376-377, 421 N.E.2d 1303, we recognized that courts have inherent authority to expunge and seal criminal records in “unusual and exceptional circumstances” and noted that the basis for the authority is the constitutional right to privacy. The state charged the appellant in Pepper Pike with criminal assault based upon statements made by her ex-husband and the wife of her ex-husband. Id. at 374. The appellant subsequently filed a civil complaint for defamation. Id. at 374-375. The parties agreed to dismiss the assault charge with prejudice, in exchange for dismissal of the civil defamation action. Id. at 375. The appellant then sought expungement of the arrest record relating to the assault charge. Id.
{¶ 12} At the time the motion for expungement was filed in Pepper Pike, a person who had been convicted of an offense could seek expungement and sealing of criminal records pursuant to statute, but no statute authorized expungement and sealing of records of those charged with, but not convicted of, criminal offenses. See id. at 376, fn. 4. Therefore, we considered whether a trial court had the power to grant the judicial remedy of ordering the expunging and sealing of records in the absence of legislative authorization to do so. Id. at 376. Based on the constitutional right to privacy, we recognized that courts have the power to grant this remedy and established a balancing test requiring courts to weigh “the interest of the accused in his good name and right to be free from unwarranted punishment against the legitimate need of government to maintain records.” Id. at 377.
{¶ 13} Applying that standard, we held that because the dismissal of an assault charge with prejudice constituted “unusual and exceptional circumstances,” the trial court appropriately exercised its power to grant this judicial remedy. We further explained that “[w]here there is no compelling state interest or reason to retain the judicial and police records, such as where they arise from a domestic quarrel and constitute vindictive use of our courts, the accused is entitled to this remedy.” Id. We cautioned that this was an “exceptional case” and that courts should not construe the decision “to be a carte blanche for every defendant acquitted of criminal charges.” Id.
{¶ 14} Similar to Pepper Pike, no statutory authorization exists for the court to expunge and seal records relating to a dissolved CPO in adult proceedings. In accordance with our recognition in Pepper Pike of a court’s inherent power to *136 expunge and seal criminal records absent statutory authority, we hold that a court has the inherent authority to order the expungement and sealing of records that relate to a dissolved CPO in “unusual and exceptional circumstances.” In deciding whether to grant this remedy, the court must determine whether the “interest of the accused in his good name and right to be free from unwarranted punishment” outweighs the “legitimate need of government to maintain records.” Id., 66 Ohio St.2d at 377, 421 N.E.2d 1303. And “[w]here there is no compelling state interest or reason to retain the * * * records,” the applicant is entitled to this remedy. Id.
{¶ 15} This appears to be a case involving “unusual and exceptional circumstances,” because the complainant who filed the petition for a CPO later moved to dissolve the CPO and now avers that she believes expungement is in the best interest of herself and her children. In addition, the fact that no related criminal charges were filed is also a factor to be weighed on remand. The trial court can consider whether Schussheim’s interests outweigh the government’s need to maintain the records.
{¶ 16} The inherent authority of a court to expunge and seal a record does not turn on whether a proceeding is criminal or civil. Rather, the determination is whether “unusual and exceptional circumstances” exist and whether the interests of the applicant outweigh the legitimate interest of the government to maintain the record.
Conclusion
{¶ 17} Courts have the inherent authority to expunge and seal records when a case involves unusual and exceptional circumstances and when the interests of the party seeking expungement outweigh the legitimate need of the government to maintain records. Such unusual and exceptional circumstances appear to exist in this case, as the complainant who petitioned the court for an ex parte CPO later moved to dissolve the CPO and submitted an affidavit that expungement was in the best interest of herself and her children. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Pfeifer, Donofrio, and O’Neill, JJ., concur.
O’Connor, C.J., and Lanzinger and French, JJ., dissent.
Gene Donofrio, J., of the Seventh Appellate District, sitting for Kennedy, J.