[Cite as *Ward v. Balsley*, 2014-Ohio-4050.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| YVONNE WARD | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Petitioner- Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| CHRISTOPHER BALSLEY | : | Case No. CT2014-0005 |
| | : | |
| | : | |
| Respondent - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
                             Court of Common Pleas, Domestic
                             Relations Division, Case No
                             DH2006-0615


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            September 15, 2014


APPEARANCES:

For Petitioner-Appellee–Pro Se          For Respondent-Appellant–Pro Se

YVONNE WARD                             CHRISTOPHER BALSLEY
1710 South River Road Lot 15            2476 Michael Drive
Zanesville, OH 43701                    Zanesville, OH 43701

*Baldwin, J.*

{¶1} Appellant Christopher Balsley appeals a judgment of the Muskingum County Common Pleas Court, Domestic Relations Division, denying his motion to expunge and seal the record of a domestic violence civil protection order filed by petitioner Yvonne Ward.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2} On August 29, 2006, appellee filed a petition for a domestic violence civil protection order, naming appellant as the respondent. The court issued an ex parte civil stalking protection order on the same date. The matter proceeded to a hearing on September 11, 2006. At the conclusion of the hearing, the court found that appellee failed to prove by a preponderance of the evidence that appellant knowingly caused him to believe that he would cause physical harm to her. The court denied the petition and dissolved the ex parte order.

{¶3} On November 26, 2013, appellant moved to expunge and seal the record of the proceeding pursuant to *Schussheim v. Schussheim*, 137 Ohio St. 3d 133, 998 N.E.2d 446, 2013-Ohio-4529. The court overruled the motion.

{¶4} Although appellant has not specifically assigned error to the court's decision, from his brief we extrapolate the following assignment of error:

{¶5} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO EXPUNGE AND SEAL THE RECORD OF THE CIVIL PROTECTION ORDER FILED BY APPELLEE."

{¶6} In *Schussheim*, *supra*, the Ohio Supreme Court held that while no statutory authorization exists for the court to expunge and seal records relating to a

dissolved CPO in adult proceedings, a court has the inherent authority to order the expungement and sealing of records relating to a dissolved CPO in "unusual and exceptional circumstances." *Id.* at ¶14. In deciding whether to grant this remedy, the court must determine whether the interest of the accused in his good name and right to be free from unwarranted punishment outweighs the government's legitimate need to maintain records. *Id.* Where there is no compelling state interest or reason to retain the records, the applicant is entitled to expungement. *Id.*

{¶7} The court in *Schussheim* found that the case appeared to involve unusual and exceptional circumstances because the complainant who filed the petition later moved to dissolve the CPO, and averred that expungement was in the best interest of herself and her children, and thus remanded the case to the trial court. *Id.* at ¶15. The court concluded that the fact that no related criminal charges were filed is a factor to be weighed on remand, and the trial court was to consider whether Schussheim's interests outweigh the government's need to maintain the records. *Id.*

{¶8} In the instant case, the trial court applied the test set forth by the Ohio Supreme Court, and made the following findings concerning appellant's case:

{¶9} "The current case is one of five cases which Respondent has requested the relief of expungement and sealing of records. The Court finds that between September 1, 2006 and July 2, 2007, the Respondent in this case was a party to five case [sic] involving requests for protection orders or civil stalking protection orders. In the present case, DH2006-0849 [sic], Yvonne Ward was the Petitioner and Christopher Balsley was the Respondent. In case DH2006-0615, Yvonne Ward was the Petitioner and Christopher Balsley was the Respondent and case DH2006-0621 Christopher

Balsley was the Petitioner and Cheryl Mason was the Respondent. In case DH 2006-0622, Christopher Balslely was again the Petitioner and Yvonne Lacey (Ward) was the Respondent and in case DH2007-0510 Kimberly Balsley was the Petitioner and Christopher Balsley was the Respondent. In each of the five cases, the Petition was either denied after a hearing or voluntarily dismissed prior to a hearing. The request in the present case must be considered in the context of the other four cases wherein similar requests for relief have been filed simultaneously.

{¶10} "Unlike Mr. Schussheim, who was the Respondent in a single domestic violence proceeding coupled with a contemporaneous divorce, Mr. Balsely has been a party to five domestic violence proceedings in a period of ten months. And although neither this nor the other four petitions were granted, this conduct may be relevant in future proceedings. The Court finds there are no unique and unusual circumstances existing in the present case and furthermore the government's interest in maintaining these records outweigh the interests of Mr. Balsley. Accordingly, Respondent's request is denied."

{¶11} Based on the facts and circumstances of the instant case and the reasoning set forth by the trial court, the court did not abuse its discretion in finding unique and unusual circumstances did not exist and the government's interest in maintaining the records outweighed appellant's interests. The assignment of error is overruled.

{¶12}   The judgment of the Muskingum County Common Pleas Court, Domestic

Relations Division, is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.