[Cite as *Wetz v. Pomeroy*, 2014-Ohio-5085.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| ANGELA WETZ, | : | |
| | | CASE NOS. CA2014-03-039 |
| Plaintiff-Appellee, | : | CA2014-03-040 |
| | | CA2014-03-041 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 11/17/2014 |
| | | |
| JOSEPH POMEROY, | : | |
| | | |
| Defendant-Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 13DV6212

Angela Wetz, 11 DeSales Avenue, Lebanon, Ohio 45036, plaintiff-appellee, pro se

Thomas G. Eagle, 3386 North State Route 123, Lebanon, Ohio 45036, for defendant-appellant

**RINGLAND, P.J.**

{¶ 1} Appellant, Joseph Pomeroy, appeals a decision of the Warren County Domestic Relations Court denying his requests to expunge or seal court records related to three separate petitions for domestic violence civil protection orders filed by appellee, Angela Wetz, that were subsequently dismissed (the records shall hereinafter be referred to as "the records").

{¶ 2} The parties are the parents of two minor children, A.P. and G.P. Appellant currently has full custody of the parties' two children. Appellee has filed three separate petitions for domestic violence civil protection orders between 2011 and 2013. In each instance, appellee subsequently requested that the cases be dismissed.

{¶ 3} The first such petition was filed on February 11, 2011. In that instance, criminal charges were filed against appellant. Appellant testified that he agreed to diversion and the case was dismissed and sealed. The second petition was filed on January 9, 2012, alleging abuse by appellant against the parties' minor children. On April 2, 2012, that case was dismissed at appellee's request. The third petition was filed on May 16, 2013. Appellee once again alleged abuse of the parties' children by appellant. On May 30, 2013, that case was also dismissed at appellee's request.

{¶ 4} Appellant sought expungement and sealing of the records pertaining to the above petitions for domestic violence civil protection orders in order to be more involved in his children's schooling and to protect future employment opportunities. A magistrate denied appellant's request, and the trial court affirmed that decision and denied appellant's objections.

{¶ 5} Appellant now appeals that decision, raising a single assignment of error for review:

{¶ 6} THE TRIAL COURT ERRED IN DENYING THE SEALING OR EXPUNGEMENT OF THE RECORDS OF THE CIVIL PROTECTION ORDER CASES.

{¶ 7} Within this assignment of error, appellant argues that, "[a] responding party to dismissed domestic violence civil protection order proceedings is entitled to sealing of records and the government has no compelling interest to maintain the open public record of the dismissed allegations, where the records consist of another parent in the midst of custody

- 2 -

disputes making allegations of physical and child abuse that were never substantiated and eventually resulted in custody of the same children being given to the responding parent."

{¶ 8} Ohio courts have recognized the inherent authority of a court to seal records independent of statutory authority. See *Schussheim v. Schussheim*, 137 Ohio St.3d 133, 2013-Ohio-4529; *Pepper Pike v. Doe*, 66 Ohio St.2d 374 (1981); *State v. Vanzandt*, 1st Dist. Hamilton No. C-130079, 2013-Ohio-2290. It must be noted that the exercise of this inherent authority to seal a court record is limited:

> The inherent authority of a court to expunge and seal a record does not turn on whether a proceeding is criminal or civil. Rather, the determination is whether "unusual and exceptional circumstances" exist and whether the interests of the applicant outweigh the legitimate interest of the government to maintain the record.

*Schussheim* at ¶ 16.

{¶ 9} "Unusual and exceptional circumstances" to seal or unseal a court record include circumstances such as (1) the sealing of the record of an assault charge, where the charge, which was subsequently dismissed with prejudice, arose from a domestic dispute involving a vindictive use of the criminal justice system, *Pepper Pike* at 376; (2) the sealing of records related to a dissolved civil protection order (CPO) where the complainant who petitioned the court for an ex parte CPO later moved to dissolve the CPO and submitted an affidavit that expungement was in the best interest of herself and her children, *Schussheim* at ¶ 14-16; and (3) the unsealing of the record of the defendant's acquittal where the defendant retaliated against a witness from the sealed case a mere three days after the record was sealed, where the state sought to unseal the records to use them in a subsequent prosecution of the defendant for witness retaliation, and where the defendant sought to keep the record sealed not to save his good name, but to "save his skin." *Vanzandt* at ¶ 17-20. A trial court's decision to grant or deny an application to seal criminal records is a matter of

judicial discretion. *State v. Gross*, 12th Dist. Warren No. CA2010-03-030, 2011-Ohio-55, ¶ 4.

{¶ 10} Appellant argues that there is no compelling state interest or reason for the trial court to retain the records in the present case. In addition, appellant argues he has a significant interest in clearing his name publicly from what he describes as slanderous accusations made against him.

{¶ 11} In the present case, there is no evidence of any "unusual or exceptional circumstances" as required under the analysis in *Schussheim*. The court in *Schussheim* found there to be exceptional circumstances where (1) the petitioner requested that the protection order be dismissed, (2) the petitioner filed an affidavit indicating that she believed that the expungement and sealing of the record was in the best interests of the children, and (3) no criminal charges were filed. In the case before us, appellee has not indicated that she supports the petition for expungement and sealing of the record. Furthermore, criminal charges were filed against appellant relating to the first domestic violence civil protection order and appellant agreed to diversion in that instance.

{¶ 12} The trial court found that the state's interest in maintaining the public records should appellee continue to petition for additional protection orders outweighs appellant's interest in maintaining his good name. The trial court acknowledged the irony that appellee's repeated petitions and dismissals necessitated the maintenance of the records at issue here. We cannot find that the present case involves "unusual or exceptional circumstances," and therefore do not find that the trial court abused its discretion in denying appellant's petition for expungement and sealing of the records.

{¶ 13} In light of the foregoing, having found that there is no evidence of unusual or exceptional circumstances requiring expungement or sealing of the records, appellant's sole assignment of error is overruled.

- 4 -

**{¶ 14}** Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.