[Cite as *Jallaq v. Jallaq*, 2020-Ohio-5402.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Musa Jallaq,                                          :

    Plaintiff-Appellee,                         :

v.                                                          :           No. 19AP-602
                                            (C.P.C. No. 17CV-3025)

Mohammad Jallaq et al.,                        :

    Defendants-Appellees,                    :           (REGULAR CALENDAR)

(Marcelle Rose Anthony, J.D., L.L.M.,      :

    Defendant-Appellant).                     :

D E C I S I O N

Rendered on November 24, 2020

**On brief:** *Marcelle Rose Anthony, LLC* and *Marcelle Rose Anthony*, for appellant. **Argued:** *Marcelle Rose Anthony*.

**On brief:** *Hrabcak & Co., L.P.A.,* and *Gregory A. Wetzel*, for appellee. **Argued:** *Gregory A. Wetzel*.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} This is an appeal from a trial court order adopting a magistrate's decision that imposes a monetary sanction on defendants' counsel and respondent-appellant, Marcelle R. Anthony (hereinafter "Anthony"), in the amount of $13,718.40. The sanction is in the favor of plaintiff's counsel and movants-appellees, Moyer Law Offices, LLC., Attorney Stephen A. Moyer, Esq., and Attorney Gregory A. Wetzel, Esq. (hereinafter "movants"), who had been named as third-party defendants in a complaint filed by Anthony on behalf of the defendants. The named parties in the case, plaintiff Musa Jallaq and defendants Mohammad Jallaq et al. are not parties to this appeal, as they have settled their dispute.

No. 19AP-602

The only issues for this court to decide relate to the trial court's award of sanctions against Anthony.

{¶ 2} On March 28, 2017, movants filed the lawsuit that gives this appeal its caption on behalf of their client Musa Jallaq, who was a minority member of a limited liability company. The claims filed were against the managing member Mohammad Jallaq, the company itself, and an affiliated company, and asserted that the company had improperly withheld distributions. Anthony represented the defendants in that lawsuit, and on April 7, 2017, she filed a third-party complaint in the lawsuit directly against movants Moyer Law Offices, L.L.C., Stephen A. Moyer, Esq, and Gregory A. Wetzel, Esq., asserting claims for discrimination under 42 U.S.C. 1981, state and federal racketeering violations, and civil liability for aiding and abetting criminal acts. Movants obtained separate counsel, but Anthony voluntarily dismissed the third-party complaint less than 2 weeks later, on April 19, 2017. The underlying lawsuit itself was settled shortly thereafter, and dismissed on May 12, 2017.

{¶ 3} One week later, movants filed the motion for sanctions that gives rise to this appeal, against both Mohammad Jallaq and Anthony. Hearings on the motion were held on November 30, 2017 and February 13, 2018. Following the close of evidence, movants dismissed their motion as to Mohammad Jallaq, and chose to proceed solely against Anthony.

{¶ 4} The third-party complaint Anthony filed asserts that movants "hate or seek to destroy Arab-Americans or people or business owned by or the rate or nation origin of Arab [sic]," that the request for discovery that had been filed by the movants on behalf of their client Musa Jallaq "discriminate[s] against members and owners of [the defendant LLC], that movants "aided and abetted" their client in criminal acts and movants themselves violated R.C. 2923.32 and federal racketeering law, that movants taught their clients to prepare legal documents with "the intention of destroying business, property[,] and wealth of whistleblowers in the Arab-American community" in violation of racketeering laws, and that movants advised their client to criminally trespass and burglarize the offices of the defendant L.L.C. The third-party complaint sought $85 million dollars in damages plus punitive damages. (Mag.'s Decision at 6-7). At a hearing on the motion for sanctions, Anthony's client Muhammad Jallaq testified that he had not

No. 19AP-602

authorized the filing of the third-party complaint. (Tr. at 361-62.) Anthony then contended her own client had perjured himself. *Id.*

{¶ 5} On June 13, 2019, the magistrate issued a 40-page decision granting movants' motion for sanctions. The magistrate concluded that Anthony failed to present any evidence to support the claims in the complaint, that she had no good-faith basis to believe in the veracity of the claims, and that the claims were not warranted under existing law, and moreover could not be supported by a good-faith argument for an extension, modification, or reversal of the law or for the establishment of new law. The magistrate observed:

> [T]he purely fantastic nature of her claims was exposed once it was clear that [Ms. Anthony's client] Muhammad Jallaq ardently disapproved of [the third-party complaint's] contents. In this respect, Third-Party Defendants have insisted that [Ms. Anthony] advanced claims that she knew could never be substantiated. The undersigned is compelled to agree * * * the information adduced at the hearing failed to even provide a scintilla of evidence in support of such claims when directed at Third-Party Defendants * * * [d]espite holding a two-day hearing, including rigorous cross-examination of witnesses, the Magistrate was not left with any factual findings that form a basis or justification for these causes of action against [the third-party defendants] * * *. After a review of the hearing evidence, with emphasis on the testimony of Ms. Anthony and [her client] Muhammad Jallaq, the Magistrate is compelled to conclude that the Third-Party Complaint cannot survive even the subjective good faith standard. Based on the foregoing findings, it is determined that while Ms. Anthony read and drafted this pleading, it cannot be said that she harbored good grounds to support it to the best of her knowledge, information and belief.

(Mag.'s Decision at 30-33.) Accordingly, the magistrate found that sanctions against Anthony were warranted under R.C. 2323.51 and Civ.R. 11. *Id.* at 36. Based on the evidence of the attorneys and fee experts presented at the hearing and following "the well-recognized lodestar method" for calculating fee awards, the magistrate awarded movants sanctions against Anthony in the amount of $13,718.40. *Id.* at 39.

{¶ 6} Anthony filed 32 separate objections to the magistrate's decision. In her objections, she reasserted most of the same factual and legal claims she presented at the hearing. She further suggested that movants may have "preapproved or wrote in whole or

No. 19AP-602

in part the Magistrate's Decision of June 13, 2019, and it was not the separate independent work of the [the] Magistrate * * *." (Am./Supp. Objs. to Mag. Decision Filed June 13, 2019 at 24.)

{¶ 7} On September 4, 2019, the trial court issued an 11-page order overruling all objections and adopting the magistrate's decision. The trial court stated that the suggestion that movants may have drafted the magistrate's decision:

> is an outlandish claim that has no basis in fact. The Court is stunned that Defense Counsel would allege such wrongdoing against this Court's Magistrate, who has shown nothing but fair and reasonable attention to the Motion for Sanctions, along with writing his decision without any outside influence. Ultimately, Defense Counsel is treading a very fine ethical line in her motion practice and would be wise to closely examine her filings for accuracy before submitting them in the future.

(Order Adopting Mag.'s Decision & Overruling Am./Supp. Objs. to Mag.'s Decision at 3.) (hereinafter Order) at 10. This timely appeal followed. Anthony now asserts eight separate assignments of error with the trial court's decision.

{¶ 8} We review the trial court's decision to overrule objections and adopt the magistrate's decision for an abuse of discretion. *See, e.g.*, *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 15 (standard for review of court's adoption of magistrate's decision). But we review the magistrate's legal conclusions de novo, and its factual conclusions to determine if there is competent, credible evidence to support them. *See, e.g.*, *Adams, Babner & Gitliz, L.L.C. v. Tartain West, L.L.C.*, 10th Dist. No. 14AP-277, 2014-Ohio-5305, ¶ 22. Accordingly, our standard of review is somewhat mixed, but we are mindful of the magistrate's significant role as the receiver of factual evidence and the trial court's wide discretion as the ultimate finder of fact. We have fully reviewed the record and the arguments of the parties, and we overrule all eight assignments of error, as follows.

### ASSIGNMENT OF ERROR NO. I

> The trial judge abused his discretion when he failed and refused to conduct an independent review of the record, including the hearing transcript, and summarily overruled the appellant's objections contained in appellant's amended/supplemental objections to the magistrate['s] decision of June 13, 2019 which objections contained numerous references to the hearing transcripts.

No. 19AP-602

{¶ 9} Anthony first asserts that the trial court did not conduct an independent analysis of the record, but the court's entry specifically states that it was conducting a de novo review of the facts and conclusions of the magistrate's report, and that the trial court was "the ultimate finder of fact [and] must make its own factual determinations through an independent analysis of the issues and should not adopt the findings of the magistrate unless the trial court fully agrees with them." (Order at 3.) *See also DeSantis v. Soller*, 70 Ohio App.3d 226, 232 (10th Dist.1990) (holding that the trial court's review of the facts and conclusions in a magistrate's report is de novo). Our own review reveals a thorough review of the factual and legal record by the trial court, and Anthony has not identified any aspect of the decision that supports her claim in this assignment of error. There is nothing in the record on appeal that suggests the trial court's review was an abuse of its wide discretion, and accordingly we overrule this assignment of error.

### ASSIGNMENT OF ERROR NO. II

The trial judge abused his discretion when he adopted the magistrate decision which failed to place the burden of proof on appellees to demonstrate that their motion for sanctions against appellant for filing a frivolous third-party complaint which burden was not met for each of the five claims in the third-party complaint.

{¶ 10} Anthony next argues that the trial court failed to allocate the burden of proof to the third-party defendants. But the trial court stated that "there is no indication that the Magistrate placed the burden of proof on [Anthony]," and after review of the record adopted both the findings of fact and conclusions of law. *See* Order at 8. Our review of the transcript, the magistrate's decision, the trial court's order, and the remainder of the record, with specific reference to the magistrate's discussion of the evidence presented at hearing and factual findings regarding that evidence, compel this court to find the trial court's holding was not an abuse of discretion. We accordingly overrule this assignment of error.

### ASSIGNMENT OF ERROR NO. III

The trial judge abused his discretion when he failed to consider the affidavit of appellant which reflected that at no time was appellant instructed one way or another to file or dismiss the third-party complaint by her clients who were impeached at the hearing.

No. 19AP-602

{¶ 11} In her third assignment of error, Anthony asserts the trial court erred by failing to consider her affidavit and her witness, but her brief fails to identify any part of the record demonstrating this. In fact, the argument under this assignment of error demonstrates that the magistrate did thoroughly address the affidavit and witness, but that Anthony simply disagreed with the magistrate's resolution of the underlying factual question—whether her client Mohammad Jallaq had authorized her to file a third-party complaint with allegations of criminal activity and racist behavior against the movants.

{¶ 12} At the hearing, Anthony testified that she "tried to explain [the third-party complaint] to [Mohammad Jallaq] and I said I need your approval and he didn't give it then. And he held off on it * * * I probably forgot about it, that I needed his approval or I didn't have it, and I went ahead and filed it. [I] didn't want it hanging on my desk so I filed it without his approval." (Tr. at 150-51.) Mohammad Jallaq, by contrast, testified that he specifically instructed Anthony not to file a third-party complaint against the movants, *see id.* at 361-62, that he was angry with her when he learned that she had filed a third-party complaint, that she filed it "without my permission," *id.*, and that he had no factual knowledge regarding the movants and that he had in fact never met movants prior to the sanctions hearing: "I don't know the lawyers. I really didn't know if they hate Arab or they don't. I have no idea. I have not met them. This is the first time I [have] seen them. This is the first time I met them, therefore, I don't know who they hate or not." *Id.* at 354. He also specifically stated he had no personal knowledge or basis to believe that movants actively aided or abetted Musa Jallaq in any criminal activity, as was alleged in the third-party complaint. *Id.* at 378.

{¶ 13} At the conclusion of Mohammed Jallaq's testimony the movants dismissed the defendants from the sanctions motion and chose to proceed solely against Anthony. Anthony then proceeded to proffer that her former co-counsel and Mohammed Jallaq's current counsel "sent me affidavits, letters, text messages, whatever, back and forth to [movants] who promised him that if Mr. Jallaq gave testimony against me and against this case they would dismiss him from the lawsuit." *Id.* at 390. Accordingly, Anthony's position was basically that all of the attorneys, including her former co-counsel, had entered into a conspiracy to suborn perjury from Mohammed Jallaq and leave her as the patsy for filing the third-party complaint. She provided no supporting evidence for this suggestion.

{¶ 14} In reviewing the evidence and "[i]n reconciling the very divergent testimony between client and former counsel, the Magistrate determines that [Mohammed] Jallaq was credible and did not 'perjure himself,' as suggested by Ms. Anthony * * * [he] verified that no factual basis exists for the claims included in the Third-Party Complaint, and that he expressly instructed his lawyer that it not be pursued <u>before</u> it was filed." (Emphasis in original.) (Mag.'s Decision at 16-17.)

{¶ 15} Given our review of Mohammad Jallaq's testimony as well as Anthony's own, given the position of the magistrate as the receiver of that testimony, and the position of the trial court as the ultimate finder of fact, we decline to entertain Anthony's conspiracy theory. She has wholly failed to establish that the trial court lacked competent and credible evidence to support its view of the facts, or an abuse of the court's discretion. Accordingly, her third assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. IV

> The trial judge abused his discretion when he adopted sanctions of attorney fees when attorney fees were not paid to an independent law firm to defend against the third-party complaint as a legal malpractice case against appellees; further attorneys fees to appellees representing themselves pro se in the motion for sanctions proceedings were illegal. Further, the trial judge abused his discretion in ordering as sanctions the striking of an exhibit and third party complaint and settlement agreement in the record.

{¶ 16} Anthony's fourth assigned error asserts that the trial court erred by awarding attorney fees to the third-party defendants because they represented themselves rather than hiring counsel, and also by sealing the frivolous complaint. As to the first issue, the third-party defendants presented evidence, including expert testimony to support their fee claims, specifically that the filing of the complaint caused them both to have to retain counsel and spend time prosecuting the sanctions motion. In a bit of an unusual situation, on the motion proceedings Attorney Moyer represented Attorney Wetzel, Attorney Wetzel represented Attorney Moyer, and both attorneys represented the firm. Anthony argues that all representations were subterfuge and that the attorneys were actually proceeding pro se, because attorney fee awards as sanctions to are not available to pro se litigants. *See, e.g. State ex rel. Freeman v. Wilkinson,* 64 Ohio St.3d 516, 517 (1992) ("R.C. 2323.51 provides for attorney fees, not compensation for pro se litigants.").

No. 19AP-602

{¶ 17} However, we have reviewed the cases that Anthony cites to support the claim that movants who are both parties and attorneys can *never* be awarded sanctions for frivolous conduct, and those cases do not hold or even suggest that is the case. Anthony also appears to argue that only direct monetary losses *actually paid* to an attorney as a result of the sanctionable actions are compensable by a sanction under R.C. 2323.51 and Civ.R. 11, but neither the statute or the rule contain language to that effect.

{¶ 18} We do agree that in general R.C. 2323.51 does not provide for fee awards to pro se movants. But at least one other district has specifically distinguished *Freeman* and affirmed a fee sanction under R.C. 2323.51 to an attorney "pro se litgant" under analogous circumstances. *See Mikhael v. Gallup*, 9th Dist. No. 22992, 2006-Ohio-3917, ¶ 8-23. Moreover, just as in *Mikhael,* both of the attorney movants also represented their firm as a business entity separate and apart from themselves in their individual capacities. Given this unusual circumstance, we agree with the *Mikhael* court. Here, the movants were attorneys and their law firm and were sued for reasons solely based on their representation of the plaintiff.  The overwhelming evidence at hearing demonstrated that neither Anthony nor her client had any basis to believe the factual allegations in the complaint, and that Anthony's filing of an unfounded third-party complaint was willfully and consciously in bad faith. *See generally State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 127 Ohio St.3d 202, 2010-Ohio-5073, ¶ 8. We conclude that the trial court's award of attorney fees as a sanction is not an abuse of its wide discretion under R.C. 2323.51 and Civ.R. 11. *See, e.g., id.* at ¶ 9, 17. Similarly, the trial court did not err by sealing the portion of its own record that included Anthony's unsupported allegations. *See, e.g.*, *A.P. Lee & Co. v. R.R. Bowker, L.L.C.*, 10th Dist. No. 14AP-599, 2015-Ohio-2535, ¶ 46, citing *Schussheim v. Schussheim*, 137 Ohio St.3d 133, 2013-Ohio-4529, ¶ 3 (recognizing inherent power of court to seal records of proceedings under "unusual and exceptional circumstances."). Anthony's fourth assignment of error is therefore overruled.

### ASSIGNMENT OF ERROR NO. V

> The trial judge abused his discretion when he adopted the magistrate decision without according appellant discovery of appellees, there being no discovery of appellees while the third party complaint was pending for only thirteen days, and the

> magistrate quashed two appellant subpoenas in an attempt to obtain discovery.

{¶ 19} Anthony next suggests that the magistrate erred by granting the sanctions motion without allowing her to conduct discovery. As the third-party defendants correctly observe, discovery is not necessarily required before conduct can be deemed frivolous. But even if she was entitled to additional discovery, Anthony squandered her opportunity. The motion for sanctions was filed on June 12, 2017, and on August 2, 2017 the hearing was rescheduled by agreement of the parties to commence on the firm date of November 30, 2017. Anthony made no attempt to serve interrogatories or requests for production of documents, and did not schedule any depositions, and did not file any subpoenas until November 9, 2017.  She made no attempt to compel any discovery. On the eve of the hearing, following the filing of a motion to quash two of her subpoenas to the law firm and attorneys that movants had hired to represent them regarding the third-party complaint, Anthony filed two motions to continue discovery. The magistrate granted the motion to quash insofar as they related to privileged information, and overruled her motions to continue:

> It's difficult to get a judge or a magistrate in the loop of communication, and often we struggle to do that. [But y]ou had me on the line to continue the hearing. You could have said, oh my God, there are so many things we need to talk about. We need to talk about a final pretrial. We need to talk about a deadline to file motions. We need to talk about the Court getting actively involved in discovery. We have depositions to schedule. We have subpoenas to serve. I heard nothing. There was absolutely every opportunity in what has been almost six months to address all of those issues, so I am profoundly disappointed to hear them come up for the first time 24 hours before the hearing.

(Tr. at 32-33.) Our review of the record reveals that the magistrate's rulings regarding discovery and the scheduling of the hearing were fully justified, and that the trial court's decision to overrule her objections to those rulings were well within the wide discretion that trial courts enjoy on such matters of trial procedure. *See, e.g., Roty v. Battelle Mem. Inst.*, 10th Dist. No. 18AP-956, 2020-Ohio-4389, ¶ 10-11 (finding no abuse of discretion where post-cutoff discovery was denied). Accordingly, Anthony's fifth assignment of error is overruled.

No. 19AP-602

### ASSIGNMENT OF ERROR NO. VI

The trial judge abused his discretion when he failed to dismiss the motion for sanctions on jurisdictional grounds.

{¶ 20} Anthony's sixth assignment of error argues that the sanctions motion was untimely under the statute because it was not filed until May 19, 2017, which she claims violates the deadline set forth in R.C. 2323.51. But the primary complaint was not dismissed until May 12, 2017, and under *Gitlin v. Plain Dealer Pub. Co.*, 161 Ohio App.3d 660, 2005-Ohio-3024 (8th Dist.2005), the time for filing a sanctions motion does not begin to run until a final appealable order is filed in the case. *Id.* at ¶ 17-19, citing R.C. 2323.51 and *Soler v. Evans, St. Clair & Kelsey*, 94 Ohio St.3d 432, 2002-Ohio-1246. R.C. 2323.51(B)(1) itself provides that a motion for sanctions under the sanction can be filed "at any time not more than thirty days after the entry of final judgment in a civil action or appeal * * *." The motion for sanctions was timely under the statute, as it was filed only seven days after the final order of dismissal was entered. Moreover, the third-party complaint itself was dismissed on April 19, 2017, so even if that dismissal is deemed the triggering date, as Anthony claims, the motion was still timely filed. Her arguments therefore lack merit and we overrule this assignment of error.

### ASSIGNMENT OF ERROR NO. VII

The trial judge abused his discretion when he adopted the magistrate decision rendered after a hearing where the magistrate denied appellant due process as guaranteed by the Fourteenth Amendment of the U.S. Constitution; further, whether O.R.C., Section 2323.51 and/or Rule 11, O.R.C.P. is unconstitutional on its face or as applied.

{¶ 21} In her seventh assignment of error Anthony claims that the sanctions statute and civil rule, as applied by the magistrate and trial court, are unconstitutional in violation of her right to due process. She takes no issue with the text of either rule, but rather with the magistrate's evidentiary rulings (quashing two subpoenas duces tecum, prohibiting the testimony of an undisclosed "character witness," and denying additional late discovery) as well as the magistrate's alleged misallocation of the burden of proof, and claims that the magistrate thereby denied her right to due process under the Fourteenth Amendment to

the United States Constitution. She further argues that the trial court's failure to sustain her objections was a violation of her right to due process.

{¶ 22} We have already concluded in our analysis of Anthony's first and fifth assignments of error that the magistrate's evidentiary rulings and the trial court's decision to overrule Anthony's objections relating to those rulings were not an abuse of discretion. And we have concluded that the magistrate did not misallocate the burden of proof and the trial court did not abuse its discretion in so holding in our response to her second assignment of error. Anthony has provided no caselaw to establish that these appropriate rulings can be deemed to be constitutional violations simply by reciting the words "due process." Anthony's seventh assignment of error is wholly without merit and is overruled.

### ASSIGNMENT OF ERROR NO. VIII

> The trial judge abused his discretion when he failed and refused to find that appellees filed a frivolous and fraudulent and false complaint with illegal discovery requests meant only to injure third party plaintiffs and their commercial real estate income producing property.

{¶ 23} Anthony's eighth assignment of error asserts that the magistrate and trial court erred by not finding the primary complaint filed by movants' client against her own clients to be frivolous and evidence that the movants were in bad faith. But Anthony herself has forfeited any claim on this point, as she never filed a motion for sanctions on behalf of her client in the trial court. Her clients have likewise forfeited any further argument on this issue by entering into a stipulation and settlement. (*See* May 12, 2017 Stipulation of the Parties & Dismissal with Prejudice). Finally, Anthony was discharged by her clients before the magistrate ruled on the third-party defendants' sanctions motion, and well before she filed either her objections or this appeal. For all these reasons, she lacks standing to present this assignment of error, and it is overruled.

{¶ 24} Having overruled all of Anthony's assignments of error, we accordingly affirm the judgment of the trial court.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.