[Cite as *Rann v. Maish*, 2025-Ohio-1744.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| James Rann, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 24AP-347 |
| v. | : | (C.P.C. No. 16JU-13549) |
| Bethany Maish, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 15, 2025

**On brief:** *Sowald, Sowald, Anderson, Hawley & Johnson*, and *Robert B. Hawley, II*, for appellee. **Argued:** *Robert B. Hawley, II*.

**On brief:** *E.R. Werner Legal, L.L.C.*, and *Elizabeth R. Werner*, for appellant. **Argued:** *Elizabeth R. Werner*.

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch

LELAND, J.

{¶ 1} Defendant-appellant, Bethany Maish, appeals the trial court judgment adopting nearly all of the magistrate's decision related to the parental rights and obligations of appellant and plaintiff-appellee, James Rann. Among other rulings, the magistrate's decision maintained a child support order from July 27, 2018 requiring appellee to pay a set amount of child support per month to appellant; divided evenly the parents' responsibility for paying the minor child's extraordinary medical expenses; and continued the parents' current practice of alternating claims of the child as a dependent for tax purposes.

## I. Facts and Procedural History

{¶ 2}   Appellant and appellee have never married.  They have one minor child together who was born April 23, 2014.  The parents have been in litigation over custody of the child and related disputes since appellee initially filed a complaint for custody on December 23, 2014.  Given the trial court's comprehensive accounting of this protracted litigation, we will recount facts and procedural history only insofar as they are relevant to the present appeal.

{¶ 3}   On July 27, 2018, a magistrate's decision ordered appellee to pay child support in the amount of $410.65 per month if private health insurance was in effect, or $326.52 per month in child support plus $124.61 per month in cash medical support if private health insurance was not in effect.  This same July 27, 2018 magistrate's decision also allocated a dependent child tax exemption to appellant in even-numbered years and to appellee in odd-numbered years.

{¶ 4}   Eventually, the magistrate held a trial on five non-consecutive days: November 15, 2021, March 9 and 21, 2022, and July 15 and 18, 2022.  On June 27, 2023, the magistrate entered a decision that in relevant part ordered the following: (1) named appellant the sole residential parent and legal custodian of the minor child, (2) kept appellee's child support obligation at the same level as ordered in the July 27, 2018 magistrate's decision, (3) deviated appellee's cash medical support to zero, instructed both appellant and appellee to provide health insurance, and split evenly any extraordinary medical expenses of the child, and (4) continued the yearly alternation of the dependent child tax exemption.  The magistrate asserted it maintained the 2018 child support order because the parties failed to present sufficient financial evidence to support a revision of the existing child support order.  On July 11, 2023, appellant filed objections to the magistrate's decision. On July 28, 2023, appellee filed a memorandum contra appellant's objections and cross objections to the magistrate's decision.  On November 3, 2023, appellant filed supplemental objections to the magistrate's decision, and, also on November 3, 2023, appellee filed a memorandum contra appellant's supplemental objections and a cross objection.  Appellant's supplemental objections filing included, among others, assertions of error in the magistrate's decision to (1) extend the child support order from July 27, 2018, (2) allocate responsibility for cash medical support and

extraordinary medical expenses, and (3) alternate the parties' dependent-child tax exemption status. The trial court held a hearing on the objections to the magistrate's decision on November 14, 2023. On May 9, 2024, the court largely approved and adopted the June 27, 2023 magistrate's decision.

{¶ 5} Appellant timely appealed.

## II. Assignments of Error

{¶ 6} Appellant assigns five errors for our review:

> [I.] The erroneous conclusion that there was not sufficient "current" evidence to review and establish child support obligations, is an abuse of discretion.
>
> [II.] It was an abuse of discretion to maintain a stale child support guideline.
>
> [III.] The Trial Court erred when it did not issue an equitable child support orders [sic] and/or set child support orders that were in the best interest of the child.
>
> [IV.] It was improper to order the repayment of uncovered medical costs under the revised 3119.30, while maintaining cash medical under the prior version of R.C. 3119.30.
>
> [V.] The Court erred in allocating the right to claim the child for tax purposes to the non-custodial parent.

## III. Analysis

{¶ 7} We review a trial court's decision to overrule objections and adopt a magistrate's decision for an abuse of discretion. *Jallaq v. Jallaq*, 2020-Ohio-5402, ¶ 8 (10th Dist.), citing *Mayle v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-2774, ¶ 15 (10th Dist.). A trial court abuses its discretion by rendering its judgment in an unreasonable, arbitrary, or unconscionable manner. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Nevertheless, we examine de novo a magistrate's conclusions of law and determine if there exists competent, credible evidence to support a magistrate's factual conclusions. *Id.*, citing *Adams, Babner & Gitlitz, L.L.C. v. Tartan West, L.L.C.*, 2014-Ohio-5305, ¶ 22 (10th Dist.). In conducting our review, "we are mindful of the magistrate's significant role as the receiver of factual evidence and the trial court's wide discretion as the ultimate finder of fact." *Jallaq* at ¶ 8.

{¶ 8} Appellant's first, second, and third assignments of error contend the trial court abused its discretion in adopting the magistrate's decision because its failure to calculate a new child support obligation and instead continue the child support order issued July 27, 2018 runs afoul of R.C. 3119.79 and is not in the best interest of the child. We address these interrelated assignments of error together.

{¶ 9} R.C. 3119.79(A) establishes that:

> If an obligor or obligee under a child support order requests that the court modify the amount of child support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.

Under the statute, a trial court's first step in modifying a child support order is to "recalculate the amount of support that would be required to be paid under the child support order." R.C. 3119.79(A). A court can only conduct this recalculation, however, if the parties supply sufficient evidence of the parents' finances. In the present case, the magistrate's decision found the evidence lacking. The magistrate wrote "[t]he Court was not presented with sufficient, accurate information regarding the financial circumstances of both parties in order to issue a modification of Father's current child support obligation." (Mag.'s Decision at 6.) The trial court agreed with this assessment. Appellant insists the record contains enough information for the court to recalculate the child support obligation, but the most recent financial forms contained in the record are from 2020. The magistrate issued her decision on June 27, 2023. Appellant does not explain how tax and wage forms from 2020 would sufficiently inform the magistrate about the financial situation of the parties in 2023. Appellant fails to demonstrate how the decision not to recalculate the child support order was an abuse of discretion given the record contained only outdated evidence of the parties' finances. The court thus did not abuse its discretion

in maintaining the child support order from July 27, 2018. Accordingly, we overrule the first, second, and third assignments of error.

{¶ 10} Appellant's fourth assignment of error asserts the trial court erred in adopting the magistrate's decision because it inconsistently and to appellant's detriment applied different versions of a statute, R.C. 3119.30, to its rulings on extraordinary medical expenses and cash medical support.

{¶ 11} Extraordinary medical expenses are defined in the statute as "any uninsured medical expenses incurred for a child during a calendar year that exceed the total cash medical support amount owed by the parents during that year." R.C. 3119.01(C)(8). In this case, the magistrate more specifically defined the extraordinary medical expenses as any uncovered "medical and other health care expenses exceeding $388.70 per year." (Mag.'s Decision at 8.) "Although courts frequently allocate responsibility for extraordinary medical expenses between parents based upon their income shares, neither this practice nor any other methodology for allocation of extraordinary medical expenses is embodied by statute." *In re S.C.*, 2020-Ohio-233, ¶ 36 (12th Dist.). Rather, R.C. 3119.32(D) provides trial courts with discretion "in ordering allocation of extraordinary medical expenses for children subject to a child support order." *Id.* Appellant in this case fails to explain how the trial court abused its discretion in adopting the magistrate's decision that evenly split the cost of the child's extraordinary medical expenses. The mere fact that a different allocation may have resulted in appellant paying less than under the current scheme does not render the trial court's judgment unreasonable, arbitrary, or unconscionable. *See Blakemore*, 5 Ohio St.3d at 219. Accordingly, the trial court did not abuse its discretion in evenly dividing the responsibility of the parents to pay for the child's extraordinary uncovered medical expenses.

{¶ 12} Cash medical support, on the other hand, is defined as "an amount ordered to be paid in a child support order toward the ordinary medical expenses incurred during a calendar year." R.C. 3119.01(C)(2). Ordinary medical expenses include "copayments and deductibles, and uninsured medical-related costs for the children of the order." R.C. 3119.01(C)(15). In this case, the magistrate determined that because "[p]rivate health insurance is currently provided for the child," the cash medical support obligation of appellee was "deviated to $0.00." (Mag.'s Decision at 7.) The magistrate determined it

would be "unjust, inappropriate[,] and not in the minor child's best interest" to order appellee to pay for the child's cash medical benefits. (Mag.'s Decision at 7.) Despite the magistrate's opinion that appellee should not bear the burden of paying for the child's cash medical support, Ohio law already designates the proper allocation: "The cash medical support amount shall be . . . split between the parties using the parents' income share." R.C. 3119.30(C). This provision of law leaves little room for a trial court's discretion. Thus, the court erred in adopting a magistrate's decision that saddled appellant with full responsibility for the child's ordinary medical expenses despite the mandate of R.C. 3119.30(C) that cash medical support be divided between the parties based on their respective incomes. Accordingly, we sustain appellant's fourth assignment of error insofar as it alleges error in the allocation of responsibility for the child's cash medical support.

{¶ 13} Appellant's fifth assignment of error alleges the trial court erred in adopting the magistrate's decision because the right to claim the child for tax purposes ought to default to the custodial parent under R.C. 3119.82.

{¶ 14} In relevant part, R.C. 3119.82 explains the process for a trial court to determine which parent may claim a dependent child for tax purposes:

> [W]henever a court issues, or whenever a court modifies, reviews, or otherwise reconsiders a court child support order, or upon the request of any party, the court shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes . . . If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal

tax credit, and any other relevant factor concerning the best interest of the children.

In the present case, the trial court ordered the parties to "continue to alternate the right to claim the minor child as a dependent for all state and federal income tax purposes." (Mag.'s Decision at 10.) The order provides the exemption to appellant in even-numbered tax years and appellee in odd-numbered tax years. Neither the magistrate's decision nor the trial court's order articulated why it was in the best interest of the child to grant appellee, the non-residential parent, the dependent-child exemption every other year. The statute expressly states if the parties disagree on the tax exemption issue, "the court *shall* consider" various factors to determine what is in the best interest of the child. (Emphasis added.) R.C. 3119.82. The parties disagreed here and yet the court did not consider the statutory best interest factors. In light of the court's failure to adhere to R.C. 3119.82, we must conclude the trial court abused its discretion. *See Lopez v. Lopez*, 2005-Ohio-1155, ¶ 53 (10th Dist.), and *Heyman v. Heyman*, 2006-Ohio-1345, ¶ 46-47 (10th Dist.). Accordingly, we sustain appellant's fifth assignment of error.

## IV. Conclusion

{¶ 15} Based on the foregoing, we overrule appellant's first, second, and third assignments of error; we sustain appellant's fourth assignment of error insofar as it alleges error in the allocation of responsibility for the child's cash medical support; we overrule the fourth assignment of error insofar as it asserts the trial court erred in evenly allocating responsibility for extraordinary medical expenses; and sustain appellant's fifth assignment of error. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed in part and reversed in part, and this cause is remanded to that court in accordance with law and consistent with this decision.

*Judgment affirmed in part and reversed in part*;
*cause remanded.*

BEATTY BLUNT and BOGGS, JJ., concur.

———————————